**UNITED STATES of America,**

v.

**Deborah CARRETHERS, Defendant.**

**Magistrate No. 85–373.**

United States District Court,
S.D. New York.

July 3, 1985.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for U.S.; John Savarese, Asst. U.S. Atty., of counsel.

Lorin Duckman, New York City, for defendant.

**186**

## MEMORANDUM AND ORDER

LEVAL, District Judge.

The government appeals from an order by Magistrate Raby dismissing the complaint against defendant Deborah Carrethers with prejudice.

### Facts

In a complaint filed on February 28, 1985, the government charged defendant with embezzling government property in violation of 18 U.S.C. § 641. The complaint alleged that defendant used her position as a senior claims examiner for Blue-Cross Blue-Shield to create and cash fraudulent medicare checks.

After her presentment before a magistrate, defendant indicated her willingness to cooperate with the government. In order to extend the 30-day period for filing the indictment under 18 U.S.C. § 3161(b), the government applied for, with consent of defendant, an order of exclusion under 18 U.S.C. § 3161(h)(8)(A) ("ends of justice"). A 30-day exclusion was granted on March 29, 1985. Apart from the time covered by the exclusion, only one day remained for the filing of the indictment under § 3161(b).

In mid-April, the government and defendant agreed on a plea bargain. However, before the indictment was filed and the plea entered, the government received new evidence linking defendant to another prior embezzlement scheme also involving fraudulent medicare checks. Because of this new information, during the week of April 22, the government refused to enter into a cooperation agreement with defendant, but agreed to continue plea discussions with her.[1] The 30-day exclusion order entered on March 29, 1985 expired on April 29, 1985. By a clerical error in the U.S. Attorney's Office, the case did not appear on the magistrate's calendar on April 29; therefore, no request for a further extension was made. The Assistant U.S. Attorney, who was handling this case, was not aware that no request had been made. When he realized this error in mid-May, he made an application with the consent of defendant for a 60-day exclusion order *nunc pro tunc* as of April 29, 1985. The magistrate denied the application and dismissed the complaint with prejudice for failure to file an indictment within 30 days as required by 18 U.S.C. § 3161(b).

### Discussion

The government argues that the complaint should not have been dismissed with prejudice.[2] Section 3162(a)(1) specifies the factors the court is to consider in determining whether to dismiss a case with or without prejudice where an indictment or information is not filed within the statutory time limit under § 3161:

> In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

18 U.S.C. § 3162(a)(1). Moreover, the Court of Appeals has held that there is no presumption in the Speedy Trial Act in favor of dismissals with prejudice. *United States v. Caparella*, 716 F.2d 976, 979–80 (2d Cir.1983). Rather, a court must weigh various factors including those outlined in

---

1. In a letter to the court dated June 27, 1985, defendant's attorney agreed with the Government's assessment of the facts. He noted that:

   From the date of my appointment to the present, the [Assistant] and I have engaged in discussions concerning Ms. Carrethers' cooperation. The continuances were sought to give counsel for the Government an opportunity to assess the information provided by my client. Additionally, I hoped that during the investigation sufficient data would be obtained about her which would convince the Government to offer her a beneficial plea bargain.

   Paragraph 2 of letter dated June 27, 1985 from Lorin Duckman, Esq.

2. The government has withdrawn its request for a *nunc pro tunc* order of continuance in light of the recent Second Circuit case, *United States v. Tunnessen*, 763 F.2d 74 (2d Cir.1985) which held that ends-of-justice continuances may not be granted retroactively.

§ 3162(a)(1). *Id.* at 980. The magistrate made no explanation of his order of dismissal with prejudice. Once the various factors are weighed in the context of this case, it is clear that this dismissal must be without prejudice.

First, the offense charged is a relatively serious one, involving around $400,000 in government money and a maximum punishment of 10 years and $10,000. Second, the failure to obtain an exclusion prospectively was the result of a mere clerical oversight. Third, at the time of the government's failure to obtain an exclusion, there was no reason to doubt that such exclusion could later be retroactively granted. It was only later decided in *United States v. Tunnessen,* 763 F.2d 74 (2d Cir.1985) that ends-of-justice exclusions under § 3161(h)(8) must be granted in advance of the excluded continuance (the Court noting the inappropriateness of dismissal *with prejudice* where law was unsettled as to whether retroactive ends-of-justice continuances permitted). Fourth, the defendant has suffered no prejudice from the delay. See *Caparella,* 716 F.2d at 980 (prejudice to defendant an important consideration). She has been out on bail from the beginning of this case and she joined in all the applications for continuances, including the request of a *nunc pro tunc* order. In addition, she had been engaged in constant plea discussions with the government up until the dismissal of the complaint.[3] Fifth, the public suffers no prejudice from the delays in bringing the indictment. So far as appears on the present state of the record, this was not the kind of defendant as to whom there was a public interest in putting her behind bars with the greatest possible speed to protect the public from further criminal conduct.

The delays in bringing the indictment were occasioned by appropriate good faith bilateral exploration of the question wheth-er a cooperation agreement should be made. It is in the public interest that responsible, thoughtful consideration be given to such questions, even if they require brief delays in moving to the next stage of prosecution. Failure to accommodate the delay would have been costly to the public interest either because a potential valuable offer of cooperation would be lost, or because an offer of cooperation might be accepted inappropriately. The actions to be taken and the discretionary decisions made by prosecutors are often more complex, elaborate, subtle and sensitive than is recognized by the presumptive schedules set by the Speedy Trial Act. In passing on applications for exclusions and on questions such as this, courts should give appropriate regard to the prosecutor's obligation to do his job carefully, thoughtfully and fairly, rather than in mindless response to presumptive time schedules that were set without reference to the needs of the particular case.

Finally, the delay in applying for the exclusion was minimal (less than one month). The government's decision to delay filing the indictment because of ongoing plea discussions was justifiable and would have warranted an ends-of-justice continuance if it had been sought prospectively.

In dismissing the complaint with prejudice, the magistrate did not consider the factors set out in § 3162(a)(1). Consideration of these factors requires that the complaint be dismissed without prejudice. The magistrate's order dismissing the complaint with prejudice is modified to provide that the dismissal is without prejudice.

SO ORDERED.

---

**3.** Although defendant's attorney in his June 27, 1985 letter to the court concurred in these facts, he noted that the defendant may have been prejudiced by the fact that the case against her appears to have been expanded. She may now be held liable for fraudulent acts committed before the dates in the original complaint. That is not prejudice. Indeed, she could be charged with these additional acts notwithstanding the magistrate's dismissal of the complaint with prejudice.