**UNITED STATES of America,**

v.

**Luther ALSTON, William Wimbush and Bertrend Nelson, Defendants.**

**No. 87 CR 698.**

United States District Court,
E.D. New York.

March 1, 1988.

Andrew J. Maloney, U.S. Atty., (Douglas T. Burns, Asst. U.S. Atty., of counsel), Caesar D. Cirigliano, Federal Defender Services Unit, The Legal Aid Soc., (Randi L. Chavis, Dawn Stern, Law Student, of counsel), Brooklyn, N.Y., for defendant Luther Alston.

Freeman, Nooter & Ginsberg (Louis Freeman, of counsel), New York City, for defendant William Wimbush.

Allen Lashley, Brooklyn, N.Y., for defendant Bertrend Nelson.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

On January 29, 1985 the three defendants were arrested pursuant to warrants issued on January 28, 1985. The complaint charged defendants, who were employees of a corporation in Brooklyn, with stealing more than $300,000 worth of automobile parts from the corporation's plant between July 1982 and November 1982. Defendant Nelson was a security guard at the corporation's plant. According to the complaint, he was paid to provide access to the plant and allow the theft while he was on duty; defendant Alston, a foreman, and defendant Wimbush, a floor operator, actually committed the thefts on about twenty occasions in 1982; and Alston and Wimbush delivered the stolen parts to another company also located in Brooklyn.

On March 1, 1985, 31 days after defendants' arrest, the government moved to dismiss the complaint by filing a dismissal calendar with Magistrate Chrein. He so ordered the dismissal on March 4, 1985.

According to the government, on August 7, 1987 after discussions with the United States Attorney's office and defense counsel, defendants were scheduled to waive

indictment and plead guilty to an information containing the same charges as the complaint. Due to scheduling problems for the lawyers the plea was adjourned without date. On October 27, 1987 the defendants were indicted and charged with conspiracy to sell automobile parts. They were then arraigned on November 9, 1987, and entered pleas of not guilty. From that date until December 22, 1987 counsel discussed disposition by plea for defendants Alston and Wimbush. Their counsel informed the United States Attorney's office that those two defendants would enter guilty pleas on December 22, 1987.

On that date all three defendants, noting that the complaint was dismissed by the government 31 days after the defendants' arrest, moved to dismiss the indictment with prejudice pursuant to 18 U.S.C. §§ 3161(b) and 3162(a)(1). Where, as here, no information or indictment is filed within 30 days of the date of arrest, those provisions require dismissal of the complaint and leave to the court's discretion whether dismissal should be with or without prejudice.

■ Magistrate Chrein apparently "so ordered" dismissal of the complaint without indicating whether it was with or without prejudice. Where a complaint is dismissed after the 30 day period and there is no determination whether the dismissal is with or without prejudice, a later indictment should be dismissed only if the complaint should have been dismissed with prejudice. *United States v. Bittle*, 699 F.2d 1201, 1207 (D.C.Cir.1983).

■ As the United States Court of Appeals for the Second Circuit said in *United States v. Caparella*, 716 F.2d 976, 980 (2d Cir.1983), whether the dismissal of a complaint is with or without prejudice is left to the discretion of the court. The factors to be considered by the court as set forth in 18 U.S.C. § 3162(a)(1) are: "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice."

In *Caparella* the defendant, a postal employee, opened a package containing a ring that he was supposed to deliver. He was originally ·charged with a felony of mail theft, but the government later filed a one count misdemeanor information charging the opening of mail without authority. With respect to the first factor in determining whether to dismiss with prejudice, the court, while recognizing that a breach of the public trust was not to be ignored, decided that the defendant's conduct was not a "serious" crime, absent exacerbating circumstances such as violence. The court stated that Congress viewed the crime originally charged as the lowest order of felony.

With respect to the second factor, the court said the prosecutor's negligence was the sole cause of the failure to comply with the time requirement.

With respect to the third factor, the effect of the dismissal on the administration of the Speedy Trial Act, the court said it viewed a violation of any of the Act's time limitations as negatively impacting on the administration of the Act.

With respect to the fourth factor, the effect of the dismissal of the prosecution on the administration of justice, the court concluded that, because the public had a strong interest in prompt trials as a means of reducing the defendant's opportunity to manipulate the criminal justice system, the administration of justice would be served by dismissing the prosecution with prejudice.

The government contends here that the offense charged here is far more serious than the offense allegedly committed in the *Caparella* case. It involves a conspiracy to steal substantial amounts of money over a five month period. The charge carries a maximum penalty of five years in prison and a $10,000 fine.

The government also notes it was only one day late in the present case whereas it was 21 days late in the *Caparella* case. Moreover, the government says that a preliminary examination or hearing was set for February 19, 1985 for defendants Wimbush and Nelson while Alston waived the

hearing. On that date the preliminary hearing was adjourned until March 1, 1985, the date the government moved for dismissal of the complaint by filing a dismissal calendar. The government says it believed the adjournment had the effect of delaying the need for further action, either by holding a hearing, filing an indictment, or dismissing the complaint.

This case resembles *United States v. Carrethers*, 613 F.Supp. 185 (S.D.N.Y.1985) (per Leval, J), more than the *Caparella* case. Judge Leval pointed out that the defendant in that case suffered no prejudice from the delay since she had been out on bail from the beginning of the case. The case involved the embezzlement of some $400,000 in government money, an offense Judge Leval described as relatively serious. Also, the government had an innocent explanation for the delay.

In the present case the three defendants have been out on bail; the charges are serious; the delay in dismissing the complaint was short and the explanation for it understandable. The dismissal of the complaint should have been without prejudice. Therefore the motion to dismiss the indictment is denied. So ordered.