**UNITED STATES of America,**

v.

**Vincent McCRUDDEN, Defendant.**

**No. CR–02–516 (ADS).**

United States District Court, E.D. New York.

Oct. 5, 2002.

Roslynn R. Mauskopf, United States Attorney, by James E. Tatum, Assistant United States Attorney, Brooklyn, NY.

Bachner & Herskovits, P.C., by Michael F. Bachner, Esq., Of Counsel, New York, NY, Attorneys for the Defendant.

Stephen P. Scaring, P.C., by Stephen P. Scaring, Esq., Of Counsel, Garden City, NY, Attorney for the Defendant.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

This case involves charges against the defendant Vincent McCrudden ("McCrudden" or the "defendant") for mailing to investors false monthly statements that inflated the value of the investment fund that he managed in violation of 18 U.S.C. §§ 1341 and 3551. Presently before the Court is a motion by the defendant to dismiss the indictment on the ground that his right to a speedy trial was denied pursuant to 18 U.S.C. §§ 3161 and 3162.

## I. BACKGROUND

On May 17, 2000, the defendant was arrested pursuant to an arrest warrant. The complaint charged the defendant with mailing to investors false monthly statements that inflated the value of the investment fund that he managed, namely the Hybrid Fund LP (the "Hybrid Fund"). On June 20, 2000, the government moved to dismiss the complaint without prejudice. On that date, United States Magistrate Judge William D. Wall granted the request. On April 30, 2002, the government filed the instant indictment against the defendant. The indictment charges the defendant with fifteen counts of mail fraud for mailing to investors false monthly statements that inflated the value of the Hybrid Fund in violation of 18 U.S.C. §§ 1341 and 3551. The defendant now moves to dismiss the indictment on the ground that his right to a speedy trial was denied pursuant to 18 U.S.C. §§ 3161 and 3162.

## II. DISCUSSION

### A. The Speedy Trial Act Violation

The Speedy Trial Act provides in pertinent part that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). That time may be extended under section 3161(h). Section 3162(a)(1) provides that, if the requirements of section 3161(b), in conjunction with section 3161(h), are not met, the charge "shall be dismissed or otherwise dropped." 18 U.S.C. § 3162.

When the government does not comply with the Speedy Trial Act, the court has the discretion to dismiss the charges with or without prejudice. *United States v. Wilson*, 11 F.3d 346, 352 (2d Cir.1993). "In determining whether to dismiss the case with or without prejudice, the court shall consider among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(1). The court should also consider "the presence or absence of prejudice to the defendant" in deciding whether to dismiss a charge with or without prejudice. *United States v. Taylor*, 487 U.S. 326, 334, 108 S.Ct. 2413, 2418, 101 L.Ed.2d 297 (1988). Finally, "[t]he determination of whether to dismiss an indictment with or without prejudice is committed to the discretion of the district court." *Wilson*, 11 F.3d at 352. Neither the government nor the defendant make any showing that Judge Wall was informed that the speedy trial deadline had passed when he dismissed the complaint or that he considered the factors in section

3162(a)(1). As such, the Court considers the defendant's motion *de novo*.

### 1. The Seriousness of the Offense

■ In this case, the indictment contains fifteen counts of mail fraud which arise from a loss of approximately $1,200,000 to investors. The Court finds that these charges are serious offenses under the Speedy Trial Act. *See United States v. Agugbo*, No. 00–94, 2000 WL 666341, at *2 (S.D.N.Y. May 22, 2000) (finding that bank fraud is a serious offense for purposes of the Speedy Trial Act); *United States v. Alston*, 699 F.Supp. 386, 387–388 (E.D.N.Y.1988) (finding that conspiracy to steal approximately $300,000 which carried a maximum penalty of five years in prison and a $10,000 fine was a serious crime under the Speedy Trial Act). Accordingly, this factor weighs against the defendant.

### 2. The Circumstances that Led to the Dismissal

In this case, the government does not provide any reason for not filing an information or indictment within the thirty time period required under section 3161(b). Although this factor carries less weight than the other factors because the complaint was dismissed four days after the thirty day period and the defendant waited until now to raise the government's non-compliance, *see Agugbo*, 2000 WL 666341, at *2 (finding that the circumstances that led to the dismissal factor necessitated neither dismissal with prejudice nor without prejudice and other factors were more instructive), the Court finds that this factor weighs against the government.

### 3. The Impact of a Re-prosecution on the Administration of Justice

The Second Circuit has held that, "in the absence of a factually supported finding of bad faith or a pattern of neglect by the local United States Attorney, an isolated unwitting violation of the Speedy Trial Act cannot support a decision to dismiss with prejudice." *United States v. Hernandez*, 863 F.2d 239, 244 (2d Cir.1988) (internal quotation marks and citations omitted). In this case, the defendant sets forth no evidence of bad faith or a pattern of neglect by the United States Attorney for the Eastern District of New York. As such, this isolated violation of the Speedy Trial Act does not support dismissal with prejudice to further the administration of justice. Accordingly, this factor weighs against the defendant.

### 4. The Prejudice to the Defendant

The defendant argues that he suffered financial hardship. In particular, he states that because the charges were dismissed without prejudice and remained pending for twenty-two months, the securities regulations limited the work that he was able to perform which resulted in his earning less money. The defendant's argument that he suffered financial hardship does not warrant a finding of prejudice. In particular, the defendant makes no claim that his ability to defend himself against the indictment has been adversely effected by the dismissal of the complaint without prejudice. *See Agugbo*, 2000 WL 666341, at *3 (noting that the defendant failed to show prejudice if the bank fraud charge remained dismissed without prejudice where among other things he made no claim that his ability to defend himself had been adversely effected). Accordingly, this factor weighs against the defendant.

Because the balance of the factors under section 3162(a) supports dismissal of the mail fraud offenses without prejudice, the Court finds that such a dismissal of the complaint without prejudice in this case was appropriate. Accordingly, the defendant's motion to dismiss the indictment on

the ground that the government did not comply with section 3162(a) is denied.

### B. The Pre–Indictment Delay

■ Although the defendant frames his motion to dismiss the indictment under the Speedy Trial Act, he argues that the indictment should be dismissed because the government waited an inordinate length of time to indict him. This argument presents a claim to dismiss the indictment for pre-indictment delay in violation of the Due Process Clause of the Fifth Amendment. To establish pre-indictment delay where, as here, the indictment was brought within the applicable statutory time constraints, a defendant must show: (1) the delay caused the defendant to suffer "substantial prejudice" in his ability to present his defense; and (2) the delay was done intentionally to gain a tactical advantage over the defendant. *United States v. Cornielle*, 171 F.3d 748, 752 (2d Cir.1999) (citation omitted).

The Second Circuit has stated in this regard that:

> Prejudice in this context has meant that sort of deprivation that impairs a defendant's right to a fair trial. *See United States v. Elsbery*, 602 F.2d 1054, 1059 (2d Cir.1979). This kind of prejudice is commonly demonstrated by the loss of documentary evidence or the unavailability of a key witness. *See, e.g., Lovasco*, 431 U.S. at 796, 97 S.Ct. 2044, 52 L.Ed.2d 752 (accepting defendant's claim of prejudice based on loss of testimony of two material witnesses but finding no due process violation because delay was not improper); *Marion*, 404 U.S. at 325–26, 92 S.Ct. 455, 30 L.Ed.2d 468 (rejecting due process claims as speculative and premature, but commenting that actual prejudice may be shown if memories ... dim, witnesses become inaccessible, and evidence [is] lost).

*Cornielle*, 171 F.3d at 752 (internal quotation marks omitted). In this case, the defendant fails to satisfy either element of the test.

■ As to substantial prejudice, the defendant argues that he suffered financial hardship because of the twenty-two month delay between his arrest and the indictment. Again, the Court notes that the claim of financial hardship is insufficient to show substantial prejudice. There is no prejudice in the legal sense in that the defendant has not shown that the delay has effected his ability to defend himself against the charges in the indictment. *See Cornielle*, 171 F.3d at 752 (stating that prejudice is generally shown by the loss of documentary evidence or the unavailability of a key witness). As to the second element, the defendant makes no argument that the government intentionally delayed indicting him to gain a tactical advantage. As such, the defendant fails to establish the necessary elements of pre-indictment delay under the Constitution. Accordingly, the motion to dismiss the indictment for pre-indictment delay is denied.

### III. CONCLUSION

Based upon the foregoing, it is hereby

**ORDERED**, that the motion to dismiss the indictment for the government's non-compliance with the thirty-day requirement under section 3162(a) is **DENIED**; and it is further

**ORDERED**, that the motion to dismiss the indictment for pre-indictment delay under the Due Process Clause of the Fifth Amendment to the United States Constitution is **DENIED.**

**SO ORDERED.**