**UNITED STATES of America**

**v.**

**Fred M. BUXTON.**

**Crim. A. No. 85–55.**

United States District Court,
D. Vermont.

March 14, 1986.

Donald Moroz, Asst. U.S. Atty., Burlington, Vt., for plaintiff.

Richard Franco, May, Davies & Franco, Barton, Vt., for defendant.

## OPINION AND ORDER

BILLINGS, District Judge.

On the date this case was set to commence trial, February 24, 1986, the defendant filed with this Court a motion to dismiss the indictment with prejudice, due to the government's violation of the Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et seq.* ("the Act"). At the same time the government filed a memorandum in response to defendant's motion, in which the government acknowledged that dismissal was appropriate but argued that such dismissal should be without prejudice. Hearing was held later the same day, at which time this Court granted defendant's motion to dismiss the indictment for failure to comply with the 70-day commencement period set forth in 18 U.S.C. § 3161(c)(1), as extended by 18 U.S.C. § 3161(h). The Court took under advisement the issue of whether the dismissal would be with or without prejudice. The same day, February 24, 1986, the government filed its supplemental response to defendant's motion to dismiss with prejudice. On March 4, 1986 the defendant filed a reply memorandum in support of his motion to dismiss with prejudice.

For the following reasons, the dismissal in this case shall be without prejudice.

The Court of Appeals for the Second Circuit has held that, where the government violates a specific time frame set forth in the Act, dismissal with prejudice will not be presumed. *See U.S. v. Caparella,* 716 F.2d 976, 978–80 (2d Cir.1983). Rather, the Second Circuit held that the courts are to exercise their discretion and determine whether the dismissal is with or without prejudice in light of the factors listed in 18 U.S.C. § 3162. *Id.* at 980–981; *see also United States v. Tunnessen,* 763 F.2d 74, 79 (2d Cir.1985).[1]

In the present case, the indictment was dismissed because the defendant was not brought to trial within the 70-day period set forth in 18 U.S.C. § 3161(c)(1), as extended by § 3161(h). Therefore, Section 3162(a)(2) of the Act provides the pertinent factors to be applied in determining whether the dismissal is with or without prejudice.

> [T]he court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

18 U.S.C. § 3161(a)(2).

In the present case, these factors, when weighed together, clearly indicate that dismissal without prejudice is appropriate. First, with regards to the seriousness of the offense, defendant was indicted on 21 counts, including one count of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846, and two counts of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). These narcotic offenses are serious for purposes of the Act. *U.S. v. Tunnessen,* 763 F.2d at 79 (2d Cir.1985), *citing United States v. Russo,* 741 F.2d 1264, 1267 (11th Cir.1984). Each distribution count, as well as the conspiracy count, carried a maximum penalty of imprison-

---

1. The Second Circuit's decision in *U.S. v. Caparella* involved a failure by the government to file either an indictment or an information within thirty days of the defendant's arrest, as required under § 3161(b) of the Act. The factors to be considered in determining whether the dismissal in *Caparella* should be with or without prejudice are identical to those under consideration in the instant case. *Compare* 18 U.S.C. § 3162(a)(1) *with* 18 U.S.C. § 3162(a)(2).

ment for 15 years or $250,000 fine,[2] or both. One of the distribution counts involved distribution of over one pound of cocaine, which as the government notes is among the largest and most serious distributions recently prosecuted within this district by the United States. The seriousness of the distribution charges lodged against defendant is also demonstrated by the Congressional mandate that at the detention hearing for one charged with these crimes, a rebuttable presumption arises that such a person is a danger to other persons and to the community. *See* 18 U.S.C. § 3142(e) and (f). The remaining 18 counts of the indictment charged defendant with use of a telephone to distribute cocaine in violation of 21 U.S.C. § 843(b); defendant faced a maximum penalty of 4 years and/or $250,-000 [3] fine for each of these counts.

We turn to the second factor in our determination of whether the dismissal is to be with or without prejudice. The facts and circumstances which led to the present dismissal, briefly outlined herein, demonstrate that the government acted reasonably throughout its prosecution of defendant. On October 21, 1985 the defendant appeared before the United States Magistrate for an initial appearance after having been arrested on a warrant issued on a complaint that same day. On November 14, 1985 the grand jury returned the 21-count indictment against the defendant. On December 2, 1985 the defendant was arraigned on the indictment. The defendant then twice moved for an extension of time within which to file motions, and also moved for postponement of the trial date. This Court granted defendant's motions and, in its second order, set February 24, 1986 as a tentative trial date. The selected date was 17 days beyond the expiration of the Act's 70-day time period for commencement of trial.

In choosing February 24, 1986 as the date to commence trial, this Court and the government relied upon the computation by the clerk's office that it was the last date within which the defendant could be tried under the Act. The Clerk's calculation inadvertently resulted from the mistaken belief that the appropriate date to begin the 70-day period was December 2, the date of arraignment. In fact, the appropriate date to begin the 70-day computation was November 14, the date the unsealed indictment was returned. *See* 18 U.S.C. § 3161(c)(1).

■ Although the government has an obligation to independently monitor its own cases for compliance with the Act, its good faith reliance upon the Clerk's calculations was not negligent. This is apparently the first case within this district since the passage of the Speedy Trial Act in which a case was dismissed for failure to adhere to 18 U.S.C. § 3161(c)(1). The clerk's calculations have been consistently dependable. Moreover, defendant's failure to object to the tentative trial date or otherwise indicate that the scheduled date fell outside the Act's 70-day period indicates that the defendant apparently relied on the Clerk's computation as well. While the defendant is not obligated to take affirmative steps to ensure compliance with the Act, *United States v. Bufalino*, 683 F.2d 639, 646 (2d Cir.1982), *cert. denied* 459 U.S. 1104, 103 S.Ct. 727, 74 L.Ed.2d 952 (1983), his apparent reliance on the Clerk's computation further supports the finding that the government acted in a reasonable manner.

Defendant argues that the impermissible delay in commencing the trial was not caused by the Clerk's miscalculation; rath-

---

**2.** Pursuant to 21 U.S.C. § 841(b)(1)(B), defendant is subject to a maximum penalty of imprisonment of not more than 15 years, a fine of not more than $125,000, or both. However, as the acts forming the basis of these counts took place after December 31, 1984, the Comprehensive Crime Control Act of 1984 places an alternative maximum fine of $250,000 upon each of these counts. *See* U.S.C. § 3623(a)(3).

**3.** Although 21 U.S.C. § 843(c) provides, *inter alia,* for a maximum fine of $30,000 for each of these counts, the Comprehensive Crime Control Act sets an alternative maximum fine of $250,-000 upon each of these counts. *See supra* note 2.

er, defendant argues that the delay was caused by the government's failure to supply laboratory reports and transcripts of taped conversations as allegedly required by Fed.R.Crim.P. 16 and Local Rule 2(A), which in turn caused defendant to ask for the extensions of time that ultimately pushed this case beyond the 70-day commencement period. Defendant's argument is wholly unsupported by the facts and circumstances of this case. The government offered at the outset to make copies of the tape recordings available for the inspection of defendant's counsel at any reasonable time. The lab reports were transmitted to the defendant promptly after the government received them. Thus the government satisfied its discovery obligations under both Fed.R.Crim.P. 16 and Local Rule 2(A).[4] Moreover, the defendant's claim that the delay in commencing the trial was caused by these alleged discovery problems is belied by the defendant's utter failure to bring these problems to the Court's attention by requesting an appropriate order compelling discovery or prohibiting the government from introducing the undisclosed evidence, as set forth in Fed.R.Crim.P. 16(d)(2). The only motions ever filed by defendant were the two requests for an extension of time within which to file motions, the request for a postponement of the trial date, and the within motion to dismiss this prosecution with prejudice.

Prejudice to the defendant is another of the facts and circumstances to be considered in deciding whether to dismiss with or without prejudice. *U.S. v. Caparella*, 716 F.2d at 980. In this case there was no prejudice to the defendant caused by setting a trial date 17 days beyond the permissible 70-day period. This delay was minimal. *See U.S. v. Carrethers*, 613 F.Supp. 185, 187 (S.D.N.Y.1985) (less than one month delay is minimal); *U.S. v. Carreon* 626 F.2d 528, 532 (7th Cir.1980) (where the crime is serious, the sanction of dismissal with prejudice should only be imposed for a correspondingly serious delay). The defendant is not in custody, and has not been in custody since October 23, 1985. There is no Sixth Amendment speedy trial issue involved in this case. To date, the government has sought no continuances, and it stood ready to try this case on the scheduled trial date. Moreover, the government has represented that if this case is dismissed without prejudice, the government intends to promptly reindict the defendant on substantially the same charges and to advise the Court at the time of indictment that the government would be prepared to go forward with trial on or at any time after arraignment. Thus the defendant has not and will not suffer any prejudice if this case is dismissed without prejudice.

With regard to the third factor to be considered in determining whether this case will be dismissed without prejudice, it is clear that the 17-day delay in commencing trial adversely impacted the administration of the Act. Although the delay was minimal, *see supra,* the Second Circuit has held that "we view a violation of any of the Act's time limitations as negatively impacting on the administration of the Act." *U.S. v. Caparella*, 716 F.2d at 981. Under the law of this Circuit we are compelled to find that the 17-day delay in commencing trial

---

**4.** In his responsive memorandum dated March 4, 1976, defendant strenuously argues that the government violated Local Rule of Criminal Procedure No. 2, in addition to Fed.R.Crim.P. 16. Local Rule No. 2 states:

A. Disclosure by the Government

I. At arraignment, or within 7 days of a request by the defendant when such a request is necessary under paragraphs II through IX of this Local Rule to obligate disclosure, *or as soon thereafter as available,* the Government shall furnish copies, *or notify the defendant that he may inspect or listen to and record*

*items which cannot be copied,* of the following items in the possession, custody or control of the Government, the existence of which is known or by the exercise of due diligence may become known to the attorney for the Government.

II. Statements of Defendant....

VI. Reports of Examinations and Tests....

(emphasis supplied). It is clear that the government's actions with regard to discovery of the tape-recorded conversations and the lab reports, as discussed in the text, were well within the parameters of Local Rule No. 2.

weighs in favor of granting dismissal with prejudice.

Finally, we consider the fourth factor, the effect of the dismissal of this prosecution on the administration of justice. In the present situation, justice will be most effectively administered if the dismissal is without prejudice. This case represents one of this district's more important prosecutions for distribution of large quantities of cocaine. Prosecution of this defendant would have a very significant deterrent effect on other would-be offenders. Prompt reprosecution of the defendant will also serve society's interest in speedy trials that bring criminals to justice.

In sum, three of the four factors listed in § 3162(a)(2) weigh heavily in favor of dismissal without prejudice: the defendant has been charged with a very serious crime; the facts and circumstances of this case indicate that the government acted reasonably and that there was not nor will be any prejudice to the defendant as a result of the 17-day delay in commencing trial; and justice will be most effectively served if the defendant is promptly reprosecuted. The only factor militating against dismissal without prejudice is the administration of the Act. This factor, standing alone, is simply not enough to overcome the heavy weight in favor of dismissal without prejudice. Indeed, if the administration of the Act were a factor which, standing alone, could dictate the outcome of the present determination, then the legislative compromise reached by Congress in setting out the four factors to be considered in this determination, see *Caparella*, 716 F.2d at 978–80, would be rendered meaningless.

The defendant argues that this Court should follow not only the reasoning but also the outcome of the Second Circuit's decision in *Caparella* and dismiss this prosecution with prejudice. However, consideration of the factors listed in § 3162 required a result in *Caparella* very different from the result presently required. In *Caparella*, the defendant had been charged with "the lowest order of felony", 716 F.2d at 980, whereas the defendant in the

present case has been charged with some of the most serious felonies. The facts and circumstances surrounding the case in *Caparella* indicated that the Act's time limit set forth in § 3161(b) was violated due to prosecutorial negligence, *id.;* in the present case the government acted reasonably at all times. Finally, in this case the deterrent effect of reprosecution is very significant, which is drastically different from the situation in *Caparella*. *See id.* at 981. Therefore, unlike *Caparella*, where consideration of the factors listed in § 3162 led the Second Circuit to hold that the district court's dismissal of the prosecution without prejudice was an abuse of discretion, our consideration of these factors in light of the present situation clearly dictates dismissal without prejudice.

The present prosecution is hereby dismissed WITHOUT PREJUDICE.

SO ORDERED.