**UNITED STATES of America**

v.

**Rene MORETY and Isaac Felipe Diaz, Defendants.**

**No. 88 CR 333(S).**

United States District Court, E.D. New York.

Dec. 23, 1988.

Andrew J. Maloney, U.S. Atty., E.D. N.Y., Brooklyn, N.Y., by Beryl Howell, Asst. U.S. Atty., for the Government.

Robert C. Dorf, New York City, for defendants.

## MEMORANDUM AND ORDER

PLATT, Chief Judge.

Defendant Isaac Felipe Diaz brings this motion to dismiss the indictment against him because the Government failed to comply with the requirements of the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161–62, 3164 (1982). For reasons that follow, the motion is denied.

On June 28, 1988, defendant was arrested pursuant to a warrant. The complaint charged him with receiving 8 checks, totalling $1517, that had been stolen from the mails in violation of 18 U.S.C. § 1708 (1982). The complaint alleged that the checks were stolen from four postal carriers in Queens, New York; that each had been cashed at the Diaz Grocery Store in Brooklyn, New York, and that each bore the endorsement "Felipe Diaz" and the address of the Diaz Grocery Store. Defendant informed a United States Postal Inspector that he was the owner of the grocery and that he had negotiated approximately twenty checks from Tony Diaz and Rene Morety, even though they were not the payees of the checks. On another occasion, defendant told a confidential informant that he knew the checks were stolen. The statements to the confidential informant were tape recorded.

Defendant was arraigned before Magistrate Chrein on the day of his arrest, June 28th. On July 19, 1988, after discussions with the U.S. Attorney, defense counsel informed the U.S. Attorney that defendant

accepted the Government's plea offer and would waive indictment and plead guilty to an information charging in a single count a violation of 18 U.S.C. § 1708.

In reliance on defense counsel's representations, the Government filed the information on July 26, 1988, one week after the defendant accepted and twenty-eight days after defendant's arrest. On the same day, defendant met with Postal Inspectors who interviewed him concerning his knowledge of the stolen checks, pursuant to the terms of the agreement.

The following day, the twenty-ninth day after arrest, defense counsel informed the Government that defendant had reneged on his agreement and would not waive indictment and would not plead guilty to the information. Defendant never waived indictment and was never arraigned on the information.

On July 29, 1988, two days after defendant reneged on his agreement and thirty-one days after his arrest, the Government moved to dismiss the complaint by filing a dismissal calendar. Magistrate Chrein dismissed the complaint without prejudice the same day by a form order. The order stated no reason for the dismissal without prejudice.

On October 5, 1988, the Government filed a superseding indictment in *United States v. Rene Morety*, No. CR 88–333 (E.D.N.Y. 1988). The original indictment in that case had charged defendant Morety with five counts of possessing checks stolen from the mails in violation of 18 U.S.C. § 1708. The superseding indictment added Mr. Diaz as a defendant and charged him with conspiring with defendant Morety, in violation of 18 U.S.C. § 371, to possess checks stolen from the mails. It also charged defendant Diaz in nine counts with the substantive crime of possessing checks stolen from the mails in violation of 18 U.S.C. § 1708.

Defendant argues that the Magistrate should have dismissed the complaint with prejudice since no indictment was filed, nor did the government move to dismiss the complaint, within thirty days of arrest as required by 18 U.S.C. § 3161(b) (1982) and

that, therefore, the indictment must be dismissed as well.

## I.

The Speedy Trial Act provides:

Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges.

18 U.S.C. § 3161(b) (1982).

If no information or indictment is filed within the thirty day period, not counting any periods of time excluded under 18 U.S.C. § 3161(h), the charge against the individual contained in the complaint shall be dismissed or otherwise dropped. 18 U.S.C. § 3162(a)(1) (1982).

## II.

█ The threshold issue is whether a violation of the Speedy Trial Act has occurred at all. Section 3162(a)(1) sanctions apply only if no indictment or information has been filed within thirty days, not counting any periods of time excludable under section 3161(h).

The fact is that an information was filed against the defendant on July 26th, twenty-eight days after his arrest, at the instigation of defendant and his counsel. The defendant's conduct here must certainly be taken into account. For eight of the thirty days allowed between arrest and indictment, defendant gave the prosecutor every reason to believe that he would waive indictment and plead guilty to an information. Counsel for defendant relayed defendant's acceptance of the plea offer on July 19th. In reliance on that agreement, the U.S. Attorney prepared an information and filed it on July 26th. Defendant continued to honor the agreement on the afternoon of the 26th by voluntarily appearing for an interview with Postal Inspectors. The U.S. Attorney first learned the defendant had reneged on July 27th, the twenty-ninth day after arrest, leaving only one day in which to move for dismissal of the complaint. The U.S. Attorney conceded that by oversight she failed to move for dismissal

the next day. Instead, she filed a dismissal calendar and the complaint was dismissed the day after that, thirty-one days after arrest.

Defendant now moves this Court to find one day's delay in dismissing the complaint, despite timely filing of the information, should result in dismissal of all charges against him, with prejudice. Defendant, it appears, is more responsible for the delay than the Government. He has not alleged that the preparation of his case has been prejudiced in any way by the delay, nor that the Government acted in bad faith. Far from vindicating defendant's right to a speedy trial and the public's interest in seeing him fairly and quickly tried, finding a violation of section 3161(b) in these circumstances allows defendant to turn the Act into a mousetrap in which to catch prosecutors. Such a result would pervert the Speedy Trial Act to serve ends far removed from those it was intended to serve.

Since defendant's behavior effectively misled the U.S. Attorney and hindered her in complying with the provisions of the Speedy Trial Act, we hold that the filing of the information on July 26th satisfied the requirement of section 3161(b) that "any information or indictment ... shall be filed within thirty days from the date on which such individual was arrested" on those charges. Thus, no violation of the Speedy Trial Act occurred and defendant's motion must be denied.

### III.

Even if we were to decide that there has been a violation of the Speedy Trial Act, we are not constrained to find that the Magistrate should have dismissed the complaint with prejudice to reprosecution.

■ The legislative history of the Act indicates that Congress did not intend any particular type of dismissal to serve as the

presumptive remedy for a Speedy Trial Act violation. *United States v. Taylor,* —— U.S. ——, 108 S.Ct. 2413, 2418, 101 L.Ed.2d 297 (1988); *United States v. Hernandez,* 863 F.2d 239, 243–44 (2d Cir.1988). Rather, the decision to dismiss with or without prejudice is left "to the guided discretion of the court." *Taylor,* 108 S.Ct. at 2418. In exercising its discretion, "the court shall consider, among others, the following factors: the seriousness of the offense, the facts and circumstances of the case which led to the dismissal, and the impact of a reprosecution on the administration of this chapter and the administration of justice." 18 U.S.C. § 3162(a)(1) (1982). In addition, although prejudice to the defendant was not specifically enumerated among the factors in § 3162(a)(1), the legislative history of the Act leaves little doubt that Congress intended this factor to be relevant for a district court's consideration. *Taylor,* 108 S.Ct. at 2418.[1]

■ "[W]here, as here, Congress has declared that a decision will be governed by consideration of particular factors, a district court must carefully consider those factors as applied to the particular case and, whatever its decision, clearly articulate their effect in order to permit meaningful review." *Taylor,* 108 S.Ct. at 2419. Since the Magistrate did not explicitly consider the factors set forth in section 3162(a)(1) in his order dismissing the complaint without prejudice, we consider those factors now.

As to the first, seriousness of the crime, the defendant is charged with conspiring to possess checks stolen from the mails, 18 U.S.C. § 371, and with nine counts of the substantive crime of possessing checks stolen from the mails, 18 U.S.C. § 1708. The Court of Appeals has observed that theft from the mails, 18 U.S.C. § 1709, was viewed by Congress as "the lowest order of felony." *United States v. Caparella,* 716

---

1. The *Taylor* decision construes section 3162(a)(2), dealing with dismissal for failure to bring defendant to trial within seventy days after indictment as required by section 3161(c). Prejudice to the defendant is equally relevant to dismissal under section 3162(a)(1), as the Second Circuit held in *United States v. Caparella,*

716 F.2d 976, 980 (2d Cir.1983) (cited with approval in *Taylor,* 108 S.Ct. at 2418). Additionally, Congress apparently intended no distinction between (a)(1) and (a)(2) in this regard. *See,* A. Partridge, Legislative History of Title I of the Speedy Trial Act of 1974 at 217–22 (Fed. Judicial Center 1980).

F.2d 976, 980 (2d Cir.1983). The undersigned nevertheless views, and has always viewed, possession of checks stolen from the mails as a most serious breach of the public trust and respectfully suggests that a felony carrying a five year jail term may not qualify as the "lowest order" of felony.

With regard to the second factor, the circumstances leading up to the dismissal, we detailed above the defendant's sudden reversal eight days after he accepted the Government's plea offer. We also noted that the Government conceded that it had, by oversight, failed to move for dismissal of the complaint in the one day remaining to it after defendant reneged.

The defendant alleges that the U.S. Attorney's oversight is sufficient to justify dismissal with prejudice. The argument is a particularly inapt one when the delay is largely attributable to the defendant, who, whether consciously or otherwise, effectively lulled the Government into believing the case would be timely resolved by filing an information within thirty days. In addition, the defendant has made no allegation, much less offered any proof, that the Government acted in bad faith, or that there is a pattern of neglect by the U.S. Attorney. *Taylor*, 108 S.Ct. at 2420. "Any such finding, suggesting something more than an isolated unwitting violation" would alter the balance in favor of dismissal with prejudice. *Taylor*, 108 S.Ct. at 2421. The absence of such allegations and the clear showing that defendant, and not the prosecutor, caused much of the delay, tips the balance heavily in favor of dismissal without prejudice.

We note that the delay here is exceedingly short—one day—and that counsel offered no proof that defendant has been prejudiced in preparing his case because of it. Further, defendant was free on bail throughout the events at issue here, so that the delay imposed no additional burden on his liberty, *see Taylor*, 108 S.Ct. at 2422. The delay here was far shorter than the fourteen day delay that the Second Circuit characterized as *de minimis* in *Hernandez*, at 244.

All told, defendant's role in causing the delay, the "isolated, unwitting" character of the prosecutor's lapse, the shortness of the delay and the absence of prejudice weigh heavily in favor of dismissal without prejudice.

Finally, we must consider the effect of a reprosecution upon the administration of the Speedy Trial Act and upon the administration of justice. Some courts in this Circuit have held that, for nearly any violation of the Act, the Congressional purpose behind the Act is served best by dismissal with prejudice to reprosecution, because it would ensure strict compliance by the Government. *See United States v. Hernandez*, at 244. In *Hernandez*, however, the Court of Appeals held that "while there may have been some support for this approach, [citing *Caparella*], it cannot be reconciled with the holding of the Supreme Court in *Taylor*." *Id.* The Court in *Taylor* wrote:

> We certainly encourage district courts to take seriously their responsibility to consider the "impact of a reprosecution on the administration" of justice and of the Speedy Trial Act, § 3162(a)(2). It is self-evident that dismissal with prejudice always sends a stronger message than dismissal without prejudice, and is more likely to induce salutary changes in procedures, reducing pretrial delays. Nonetheless, the Act does not require dismissal without prejudice for every violation. Dismissal without prejudice is not a toothless sanction.... If the greater deterrent effect of barring reprosecution could alone support a decision to dismiss with prejudice, the consideration of the other factors identified in § 3162(a)(2) would be superfluous, and all violations would warrant barring reprosecution.

*Taylor*, 108 S.Ct. at 2422 (citations omitted).

In *Taylor*, the defendant was charged with conspiracy to distribute cocaine and possession of four hundred grams of cocaine with intent to distribute. His trial was scheduled to commence in Seattle, Washington, on November 19, 1984, one day before expiration of the seventy day period within which the Government is required to bring a defendant to trial under 18 U.S.C. § 3161(c). The defendant failed to appear on that day and a bench warrant

issued for his arrest. He was arrested on February 5, 1985 on state charges that were later dismissed. His return to Seattle for trial was delayed for several reasons, including his appearance as a defense witness in other narcotics trials, slow processing, the convenience of the U.S. Marshals Service and what the district court described as the "lackadaisical" attitude of the Government. On April 24, 1985, the grand jury in Seattle returned a superceding indictment which added a charge based on his failure to appear for trial on November 19, 1984. The defendant moved to dismiss all charges against him based on violation of the Speedy Trial Act. The district court found that the Speedy Trial clock has expired fourteen days before the superceding indictment was filed and dismissed the indictment with prejudice. *Taylor*, 108 S.Ct. at 2415–16.

The Supreme Court concluded that the district court had abused its discretion,[2] in dismissing with prejudice because the court relied primarily on the Government's "lackadaisical" conduct and on a desire to "send a strong message to the Government that unexcused delays will not be tolerated," 108 S.Ct. at 2423, without explaining how it factored in the seriousness of the offense, the brevity of the delay (fourteen days), the consequential lack of prejudice and the defendant's own illicit contribution to the delay.

In the present case, while defendant's conduct in reneging on his plea agreement may arguably not be as egregious as Taylor's failure to appear for trial, his behavior, nonetheless, involved a serious misrepresentation to the Government and is the primary source of delay. The prosecutor's negligence here, as in *Taylor*, is best characterized as isolated and inadvertent, not the product of bad faith or a pattern of neglect. The delay is much shorter and the consequent prejudice to defendant non-existent. While the offense involved here is not a drug offense, we nevertheless feel that it is sufficiently serious, in view of the other factors present, that the administration of justice and the Speedy Trial Act would be ill-served by barring reprosecu-

tion. The Government has already paid the price for what can only be viewed as a technical violation of the Act: it has been forced to dismiss the complaint and shoulder the burden of making its case before the grand jury.

Accordingly, we conclude that the Magistrate properly dismissed the complaint without prejudice. The motion to dismiss the indictment is denied.

SO ORDERED.

---

2. This Court is constantly amazed at the difference in views among appellate judges as to what constitutes an abuse of discretion. *Cf. Caparella.*