**UNITED STATES of America, Plaintiff,**

v.

**James R. SARAVIA, Jr., Defendant.**

**Crim. No. 94–9–P–C.**

United States District Court,
D. Maine.

March 28, 1994.

Jonathan A. Toof, Asst. U.S. Atty., Portland, ME, for U.S.

David J. VanDyke, Berman & Simmons, P.A., Lewiston, ME, for defendant.

*MEMORANDUM OF DECISION AND ORDER DISMISSING WITHOUT PREJUDICE THE INDICTMENT UNDER THE SPEEDY TRIAL ACT*

GENE CARTER, Chief Judge.

Defendant has moved for a dismissal of the indictment under the Speedy Trial Act for failure to obtain an indictment within the thirty days following his arrest as required by the Act. 18 U.S.C. § 3161(b). The Government opposes this motion, arguing that the Speedy Trial Act was not violated. The Government further contends that even if the Speedy Trial Act was violated, the indictment should be dismissed without prejudice. Because the Court finds that the Speedy Trial Act was violated, the motion to dismiss the indictment will be granted. The Court will dismiss the indictment without prejudice based on the considerations required by section 3162(a)(1) of the Act.

*BACKGROUND*

Defendant was arrested on December 10, 1993, and a complaint charging him with possession with intent to distribute cocaine was filed on December 12, 1993. Defendant made his initial Court appearance on December 13, 1993, and was released on bond on the same day.

On December 27, 1993, after court appointed defense counsel, Marshall H. Waldron, Jr., consulted with Defendant, Waldron notified the Assistant United States Attorney that his client wished to plead guilty to a violation of section 841(a)(1) of title 21 and was willing to waive his right to indictment. Affidavit of Marshall H. Waldron, Jr. (Docket No. 22), ¶ 4. During the conversation on December 27, 1993, it was agreed that defense counsel would contact the Court to schedule a hearing for Defendant to enter his plea. *Id.* The hearing was thereafter scheduled for January 11, 1994, at 4:00 p.m., outside of the thirty-day limit imposed by the Act. There is no indication that the Government notified the Court that the hearing should have been scheduled on or before January 10, 1993, to secure compliance with the Speedy Trial Act.

On December 30, 1993, the prosecutor sent a letter to defense counsel together with a Speedy Trial Waiver. The letter indicated that Waldron and Defendant were to sign the waiver and return it because the hearing would not be scheduled before the next grand jury meeting. Affidavit of Jonathan A. Toof in Support of Motion for an Extension of Time to Respond to Motion to Dismiss for Speedy Trial Violation (Docket No. 16), Exhibit 3. The waiver was never signed or returned to the Government.

On January 5, 1994, the prosecutor again spoke to Waldron who affirmed the previous agreement. *Id.,* ¶ 5. At that time the prosecutor "told Mr. Waldron that unless [he] received the waiver before the next scheduled meeting of the grand jury on January 19, 1994, [he] would present an indictment for the grand jury's consideration at that time." *Id.*

On January 11, 1994, defense counsel met with Defendant and his father before the hearing and was advised that Defendant no longer wished to plead guilty. Defense counsel contacted the prosecutor who agreed to a continuance so Defendant could "consider his options." Affidavit of Waldron, ¶ 8. On the consent of the parties, the deputy clerk rescheduled the hearing for January 25, 1994.[1]

The Government presented at the next meeting of the grand jury on January 19, 1994, and an indictment was returned on January 20, 1994. Defendant was arraigned on this indictment on January 25, 1994, at which time he entered a plea of not guilty.

## DISCUSSION

Despite the Government's arguments to the contrary, there is no doubt that the Speedy Trial Act was violated in this case by the forty-day delay between Defendant's arrest and the issuance of an indictment. The Government argues that the time during which defense counsel had indicated Defen-

dant's willingness to waive his right to indictment within thirty days was excludable under section 3161(h). Response by Government to Defendant's Motion to Dismiss Under the Speedy Trial Act (Docket No. 22) at 2–3.[2] This period, according to the Government, extends from December 31, 1994, to January 11, 1994, when the Government was advised that Defendant was unsure whether he wished to plead guilty.[3]

Section 3161(h) provides a lengthy and detailed list of the periods which, for purposes of the Speedy Trial Act, are excludable in calculating the time elapsed before indictment or trial. Although its exclusions are not absolutely exhaustive, they are not amenable to liberal interpretations. The Act protects not only the right of a Defendant to a speedy trial, but the interest of the public in speedy justice. Therefore, a defendant alone cannot waive the Act's requirements. *United States v. Pringle*, 751 F.2d 419, 433–34 (1st Cir.1984).[4] Even the Court, in grant-

1. The Affidavit of Assistant United States Attorney Toof indicates that the Court removed the matter from the calendar and that the Government was unaware of Defendant's decision not to plead guilty. The Government's response to this motion indicates that the account provided by Mr. Waldron is more accurate and that on February 11, 1994, the Government was advised of Defendant's desire for a continuance to consider his options and consented to the continuance. Response to Motion to Dismiss under Speedy Trial Act (Docket No. 22) at 5, n. 4.

2. The Government also argues that the period following January 11, 1994, when Defendant requested an adjournment to "consider his options," should be excluded. This argument will be disregarded because the violation of the Speedy Trial Act predated Defendant's request for a continuance.

A third argument, that the filing of an information with the Court by letter dated December 30, 1993, satisfies the Speedy Trial Act, is equally meritless. Until a Defendant executes a signed waiver in open Court, an information has no import and cannot satisfy the requirements of section 3161.

It should also be noted that the Court has no record of the filing of an information. The first reference to this information in the record of this case is the copy of the letter dated December 30, 1993, and submitted as an attachment to the Affidavit of Jonathan A. Toof *dated and filed February 25, 1994,* together with a motion to extend the time to respond to this motion (Docket No. 16, Exhibit 2). The information itself is

not attached to the letter. The letter is misaddressed to the District Court in Bangor, although the case has always been before this Court. Neither the Clerk of the Court here nor in Bangor has a record of receipt of the letter or information. Whether through oversight the letter was never mailed or went astray, the Court is satisfied that it was not received by the Clerk of Court.

3. Why the Government begins this period on December 31, 1993, is unclear. The affidavits appear to suggest that an agreement was reached on December 27, 1993. The Court notes that the affidavits submitted by the Government in this matter from Assistant United States Attorney Toof and Defense Counsel Waldron are neither clear, nor consistent with each other. However, for purposes of this Court's analysis, it is not necessary to pinpoint the period of time during which the prosecutor believed that an oral agreement had been reached as to the Speedy Trial Waiver.

4. A written waiver, approved by the Court, may extend time under the Act for "the [limited] purpose of allowing the defendant to demonstrate good conduct." 18 U.S.C. 3161(h)(2). No other provision for waiver by an agreement between the prosecutor and Defendant is contemplated by the Act. The legislative history makes it clear

that any construction which holds that any of the provisions of the Speedy Trial Act is waivable by the defendant, other than his statutorily-

ing an enlargement of the periods provided by the Act, must make specific findings on the record *before* granting an enlargement. *Id.* at 432. 18 U.S.C. 3161(h)(8). The Act makes no provision for *nunc pro tunc* extension of time, as is sought in this case.

■ Moreover, even if waiver were permissible, there is no doubt, on this record, that adequate waiver of this statutory right was never obtained from this Defendant. It was unreasonable,. in light of the Government's nonreceipt of the waiver of speedy trial rights, for the Government to sit on its hands until the January 19, 1994, grand jury presentment. The Government should have moved for dismissal of the complaint without prejudice within the thirty day period or sought an extension of time from the Court in the interests of justice under section 3161(h)(8).[5] *It is not for the prosecutor to decide unilaterally that the mandates of the Speedy Trial Act may be set aside.*

■ Having found a violation of section 3161(b), the Court must dismiss the indictment pursuant to section 3162(a)(1), which provides that dismissal *shall* follow when no indictment or information is timely filed. The section further provides that it is within the Court's discretion to determine whether such dismissal should be with or without prejudice based upon the following factors: "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(1).

Under the circumstances of this case, the Court concludes that dismissal shall be without prejudice. The Court considers the

charges in this case, conspiracy to distribute cocaine, and possession with intent to distribute 250 grams of cocaine, very serious. *United States v. Veillette,* 654 F.Supp. 1260, 1263–64 (D.Me.1987) (conspiracy to distribute 280 grams of cocaine was very serious). Although the Court does not approve of the Government's reliance on Defendant's agreement to waive speedy indictment, the Court does not believe that the facts and circumstances leading to the violation of the Speedy Trial Act evince either bad faith or *a pattern* of neglect on the part of the Government.

Finally, the Court must consider the impact of its decision on the administration of the Speedy Trial Act as well as on the overall administration of justice. The Court is concerned that dismissal without prejudice in this case does not teach the wrong lesson. The lesson is that waivers of Speedy Trial rights are capable of consummation only with the approval of the Court, and only under the limited circumstances consistent with the Act. The Court will not be inclined to treat future *sub rosa* violations of the Act with such leniency. The public's right to speedy justice cannot be compromised by an agreement between the Government and a defendant which does not bear the imprimatur of the Court. The prosecutor must be vigilant to see that the time limit requirements of the act are strictly complied with and must sometimes be rigorous with defense counsel to the end that he not be tricked into a temporal cul-de-sac.

*Accordingly,* it is *ORDERED* that Defendant's Motion to Dismiss the Indictment under the Speedy Trial Act be, and it is hereby, *GRANTED,* and it is further *ORDERED*

---

conferred right to move for dismissal ..., is contrary to legislative intent and subversive of its primary objective: protection of the societal interest in speedy disposition of criminal cases by preventing undue delay in bringing such cases to trial.
1979 Senate Committee Report, *cited in Pringle,* 751 F.2d at 433.

**5.** · The Court is particularly concerned that as a general matter the Government showed no concern about scheduling the Rule 11 hearing within the thirty days. The Government first delegated scheduling to defense counsel and then failed to advise the Clerk's Office that the hearing should

have been scheduled by January 10, 1994. Even when it became clear, on January 11, 1994, that the Defendant was not firmly committed to its agreement with the Government, the prosecutor did nothing to address the Speedy Trial Act concerns. The Government cites *United States v. Morety,* 702 F.Supp. 957, 960 (E.D.N.Y.1988) for the proposition that plea agreements create excludable time. But in *Morety,* the defendant · withdrew from the plea agreement on the twenty-ninth day, and the Government acted with reasonable promptness by seeking dismissal on the thirty-first day.

that the indictment be, and it is hereby, *DISMISSED* without prejudice.