**STATE OF HAWAII**, Respondent–Appellant, v. **RICHARD ROSENDO COYASO**, Petitioner–Appellee

NO. 15426

(CR. NO. 91–039)

JULY 17, 1992

LUM, CJ., WAKATSUKI, MOON, KLEIN, AND LEVINSON, JJ.

## OPINION OF THE COURT BY KLEIN, J.

We granted certiorari to review the Intermediate Court of Appeals' (ICA) holding that prejudice to the defendant is a required factor which must be considered by the trial court in deciding whether to dismiss a case with or without prejudice for violation of Hawaii Rules of Penal Procedure (HRPP) Rule 48. Although prejudice to the defendant may be a relevant consideration, it is not a mandatory one, and failure to make findings as to prejudice is not an abuse of the trial court's discretion. With respect to the issue before us, we reverse.[1]

### I.

On July 6, 1990, Petitioner–Appellee Richard Rosendo Coyaso (Defendant) was arrested and charged with Assault in

---

[1] We are not called upon to review the portion of the ICA's decision holding that dismissal under Rule 48 was proper and, in any case, our review of the record satisfies us that the ICA correctly determined that issue.

the Third Degree in violation of Hawaii Revised Statutes (HRS) § 707–712(1)(a), a misdemeanor which is punishable by imprisonment of up to one year. At his August 3, 1990 arraignment in district court, Defendant pled not guilty. Although Defendant appeared without counsel, the court did not inform him of his right to jury trial and set a bench trial date of January 22, 1991. At the court's suggestion, Defendant contacted the Office of the Public Defender and on August 28, 1990 that office was appointed to represent him.

Through counsel, Defendant filed a demand for jury trial in the district court on October 26, 1990 and served a copy on the State. The district court did not commit the matter to circuit court at this time. On January 22, 1991, when Defendant's case was called for trial, defense counsel advised the court of the demand for jury trial and the district court ordered the case to be committed to circuit court. The formal commitment occurred on February 7, 1991 and the parties appeared in circuit court on February 22, 1991 for trial setting, at which time Defendant requested fourteen days to file pre–trial motions. Trial was set for March 18, 1991.

On March 6, 1991, the court heard Defendant's motion to dismiss charges for violation of HRPP Rule 48 and for violation of his right to speedy trial. The State conceded that the six month period under Rule 48(b) began on July 6, 1990 and did not claim any period of exclusion due to court congestion. The court informed counsel by telephone on March 13, 1991 that the motion to dismiss was granted with prejudice. On April 30, 1991, after the court heard the State's motion to clarify the ruling, it entered a written order granting the motion to dismiss with prejudice based on Rule 48 grounds, and denying the motion based on speedy trial grounds.

The State appealed, raising two issues: (1) whether the circuit court erred in dismissing the charge on Rule 48 grounds and (2) whether the circuit court erred in dismissing it with prejudice. The ICA affirmed the dismissal, but vacated that portion of the order

holding that the dismissal was with prejudice. Defendant petitioned this court to review the latter part of the ICA's ruling.

## II.

In dismissing the case with prejudice, the circuit court "considered the seriousness of the misdemeanor charge, the facts and circumstances which led to the dismissal and the impact of the dismissal without prejudice on the administration of Rule 48, HRPP." These are the factors that we instructed trial courts to consider in the exercise of their discretion under Rule 48(b):[2]

> In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and the circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

*State v. Estencion*, 63 Haw. 264, 269, 625 P.2d 1040, 1044 (1981) (quoting Speedy Trial Act, 18 U.S.C.A. § 3162(a)(2) (1969 & Supp. 1980) (superseded in part by rule; *see State v. Durry*, 4 Haw. App. 222, 230 n.4, 665 P.2d 165, 171 n.4 (1983)). We did not in *Estencion*, nor do we now, view prejudice to the defendant as a mandatory factor to be considered by the trial court prior to ordering dismissal with prejudice under Rule 48(b).

Although Rule 48 is intended to ensure speedy trials for criminal defendants, its purpose is broader than the constitutional right

---

[2] Relevant portions of HRPP Rule 48 provide:
**Rule 48. Dismissal.**
. . . .

**(b) By Court.** Except in the case of traffic offenses, the court shall, on motion of the defendant, dismiss the charge, with or without prejudice in its discretion, if trial is not commenced within 6 months from:

(1) the date of arrest or of filing of the charge, whichever is sooner . . . .

to a speedy trial as found in the sixth amendment to the U.S. Constitution and article I, § 14 of the Hawaii Constitution.

> [The Rule's] purpose is also in furtherance of policy considerations to relieve congestion in the trial court, to promptly process all cases reaching the courts and to advance the efficiency of the criminal justice process.

> Unreasonable delay in the determination of criminal action subverts the public good and disgraces the administration of justice, and the power of a court to dismiss a case on its own motion for failure to prosecute with due diligence is inherent and exists independently of statute.

*Estencion*, 63 Haw. at 268, 625 P.2d at 1043 (citations omitted).

The ICA blurred the distinction between the constitutional right to speedy trial and a dismissal based on Rule 48(b). Prejudice to the defendant is a mandatory factor in determining whether dismissal is warranted on constitutional speedy trial grounds. *State v. Nihipali*, 64 Haw. 65, 67, 637 P.2d 407, 410–11 (1981). On this basis, the ICA deduced that prejudice to the defendant is "the underpinning of the rule" and absent its consideration, the trial court has necessarily abused its discretion by dismissing with prejudice. We disagree. In light of the distinct purposes served by Rule 48, we hold that a dismissal with prejudice may be warranted without a specific finding that the defendant has been prejudiced by the delay.

Coupled with its decree that "the burden is on the defendant to show prejudice," the ICA has elevated an unenumerated factor to a preeminent level for the defendant (alone) to surmount. *See State v. Coyaso*, No. 15426, slip op. at 6 (Haw. App. Jan. 21, 1992). As we have stated previously, "the prosecutor, the court and the accused share responsibility for carrying out the speedy–trial requirements of Rule 48." *State v. English*, 68 Haw. 46, 53, 705 P.2d 12, 17 (1985) (quoting *State v. Soto*, 63 Haw. 317, 321, 627 P.2d 279, 281 (1981)).

In *United States v. Taylor*, 487 U.S. 326, 333–34 (1988), the U.S. Supreme Court examined the legislative history of the Speedy Trial Act provision upon which the factors in *Estencion* are based. Before the Act's passage, it was suggested that prejudice to the defendant should be added as a factor. *Id.* at 333 (citing 230 CONG. REC. 41778, 41795 (1974) (remarks of Reps. Dennis and Conyers)). While agreeing that it was a relevant consideration, the author of the final compromise bill opposed adding the factor "for fear that district courts would treat lack of prejudice to the defendant as dispositive." *Id.* (remarks of Rep. Cohen). The Act was adopted without inclusion of prejudice to the defendant as a fourth factor.

After a discussion of the three statutory factors, the Court stated in *Taylor*, "although *the absence of prejudice is not dispositive*, in this case it is another consideration in favor of permitting reprosecution." *Id.* at 341 (emphasis added). Contrary to the ICA's reading of *Taylor*, the Court did not hold that "prejudice to the defendant must be considered in arriving at the nature of the dismissal to be ordered." *State v. Coyaso*, slip op. at 5 (Haw. App. Jan. 21, 1992).[3]

---

[3] We note, however, the lack of clarity in the interpretation of *Taylor* on this point. In a case following *Taylor*, the Fourth Circuit considered prejudice to the defendant, *inter alia*, only as it pertained to the impact of reprosecution on the administration of justice and the administration of the Act. *United States v. Jones*, 887 F.2d 492, 495 (4th Cir. 1989), *cert. denied*, 493 U.S. 1081 (1990). The Seventh Circuit is less definite on this point, but also appears to consider prejudice to the defendant as an aspect of the impact of reprosecution. *See United States v. Arango*, 879 F.2d 1501 (7th Cir. 1989), *cert. denied*, 493 U.S. 1069 (1990) (court noted that defendant had not demonstrated actual prejudice by delay and dismissal with prejudice would not serve to discourage neglect or bad faith in prosecution).

In January of 1990, within the context of the impact of reprosecution, the Second Circuit cited *Taylor* for the proposition that "[p]rejudice, or the absence thereof, is a factor to be considered by the district court when deciding whether to dismiss with or without prejudice under § 3162(a)(1)." *United States v. Wells*, 893 F.2d 535, 539–40 (2d Cir. 1990). And, in December of 1990, the Second Circuit affirmed a dismissal with prejudice, despite defendant being charged with a

We agree with the U.S. Supreme Court that prejudice to the defendant may be a relevant consideration in the trial court's decision to dismiss with or without prejudice. However, we find that it will most often be inherent in the court's examination of the impact of reprosecution on the administration of Rule 48 and the administration of justice. Within the framework of *Estencion*, in addition to the three mandatory factors, the trial court may consider other factors it finds to be relevant to the case before it. Nevertheless, we will not require that prejudice to the defendant be separately considered prior to dismissal with prejudice under Rule 48(b).

## III.

The State presents no other arguments that might support overturning the trial court's exercise of its discretion in ordering a dismissal with prejudice under Rule 48. Thus, we reverse that part of the ICA's decision which vacated the portion of the circuit court's order holding that the dismissal is with prejudice; and, we affirm the order of the circuit court dismissing with prejudice all charges in this case.

*Joyce K. Matsumori–Hoshijo* and *Theodore Y.H. Chinn*, Deputy Public Defenders, for the Writ and on the brief, for Petitioner–Appellee.

*Ricky Roy Damerville*, Deputy Prosecuting Attorney, on Answer to Writ, for Respondent–Appellant.

---

serious drug offense, because of a pattern of delay by the prosecuting attorney's office. *United States v. Giambrone*, 920 F.2d 176, 180–83 (2d Cir. 1990). In *Giambrone*, the court noted the delay "perhaps did not prejudice Giambrone in terms of loss of evidence," and although "technically the Act's 70–day period may have been exceeded by only 20 days," the fact that he was untried for over a year after indictment left him in a "disadvantageous position." *Id.* at 183. The Second Circuit's interpretation certainly favors consideration of prejudice to defendant, yet a careful reading of these cases indicates that prejudice is weighed, along with other concerns, within the third prong of the test and not as a separate factor.