**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000526
29-JUN-2020
08:01 AM

NO. CAAP-18-0000526

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
CORY McGLOTHIN, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-17-04452)

SUMMARY DISPOSITION ORDER
(By: Ginoza, C.J., and Hiraoka and Wadsworth, JJ.)

Defendant-Appellant Cory McGlothin (**McGlothin**) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on May 30, 2018, in the District Court of the First Circuit, Honolulu Division (**District Court**).[1]  When the State was not ready to proceed at trial, the District Court, at McGlothin's request, dismissed the charges against him, namely, Operating a Vehicle Under the Influence of an Intoxicant, in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1), and Driving Without a License, in violation of HRS § 286-102.

On appeal, McGlothin contends that the District Court erred in:  (1) dismissing the charges without prejudice, rather than with prejudice; and (2) "conducting off-the-record phone calls and text messaging" with two other district court judges, one of whom had set the case for trial, thereby violating McGlothin's right to a public trial and due process.

---

[1] The Honorable Trish K. Morikawa presided.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve McGlothin's points of error as follows:

In support of his first point of error, McGlothin contends that the District Court: (a) abused its discretion when it purportedly modified another judge's earlier order setting a "firm" trial date of May 30, 2018,[2/] by not dismissing the case with prejudice, or holding a trial and acquitting McGlothin, on that date, when the State was not ready to proceed; and (b) made inadequate findings to justify its decision to dismiss the case without prejudice.

(1)(a)  We reject McGlothin's contention that the District Court modified the prior ruling of another judge.  On March 14, 2018, Judge Domingo entered an order which, among other things, set a trial date of May 30, 2018, with the notation, "Firm."  There is no indication in the record, however, that Judge Domingo intended:  (i) to dismiss the case with prejudice should the State be unable to proceed on the "firm" trial date; or (ii) to hold a trial on that date, despite the State's inability to proceed, without regard to the circumstances.  Nor has McGlothin supplied any authority holding that a trial court must follow one of these two courses of action when the State is unable to proceed to trial on a "firm" trial date.

Under these circumstances, when the parties appeared for trial on May 30, 2018, and the State was not ready to proceed, it appears that the District Court sought to act consistently with Judge Domingo's prior order.  At that time, McGlothin argued that the case had been "set for a firm trial setting for today," and "ask[ed] that it be dismissed pursuant to that previous ruling."  The District Court stated in part: "[L]et me double-check with Judge Iha by what she meant on firm[.]"  Defense counsel responded, "All right."  The District Court then said, "[S]o if you could . . . wait till the recess, I can go and check with her, I can give her a call."  Defense

---

[2/] The Honorable William M. Domingo presided.

counsel responded, "Okay."

After the recess, the District Court stated, "I don't have an answer just yet because it wasn't Judge Iha, it's Judge Domingo, so if I don't hear back from him within, like, the next five minutes, then I'm just going to rule." Defense counsel responded, "Thank you." Shortly thereafter, the District Court reported:

> Okay. So I was able to get in touch with Judge Domingo who was the one who set it firm. Not that I doubted you, counsel, but I just wanted to double-check since nothing was in the minutes. He did say he set it firm and that if the State wasn't ready, that the Court would dismiss the case.

Defense counsel replied, "Thank you, Your Honor."

At that point, the District Court denied the State's request for a continuance, granted McGlothin's motion to dismiss, and invited oral argument as to whether the dismissal should be with or without prejudice. Following argument, the court stated several reasons that the case would be dismissed without prejudice. Defense counsel then said, "[W]e object because you're overruling the previous court," and the District Court responded, "No. I specifically checked with Judge Domingo, and he said specifically that I can do it without [prejudice]."

On this record, and absent any ruling by Judge Domingo that he would dismiss the case with prejudice under these circumstances, we conclude that the District Court's decision was consistent with Judge Domingo's earlier ruling and did not modify it. Accordingly, we need not address McGlothin's argument that the purported modification was an abuse of discretion.

(1)(b) In dismissing the case without prejudice, the District Court made the following oral findings on May 30, 2018:

> THE COURT: Okay. So the Court's going to note that there are two counts in this case, the Driving -- Operating a Vehicle Under the Influence as well as a No Motor Vehicle Driver's License. The Court's going to note that both of those charges are petty misdemeanors. While that is the lowest of offenses, nevertheless, the Court does find that these are serious, and it is two counts, not just one.
>
> The Court's also going to note that when I look at the procedural history in the case, that there has been a number of motions filed, that, yes, discovery was trying to be gotten to the Defendant.
>
> The Court's going to note that, that from this Court's understanding, this would have been technically the first

legitimate trial setting of which the State was not ready to proceed. The State's indicated, although counsel has object -- is stating differently, the State's indicating that the Rule 48 is July 28th, so there would still be time, arguably, even though Defense is stating otherwise, to proceed with this case where the Court could put this on for the calendar.

The Court's going to note, nevertheless, that since the previous judge did issue -- did state that this was firm and that, that this would be dismissed, that the Court would be nevertheless going along with that Court's prior ruling.

The Court's also going to note that this was set firm because the Defendant had left the jurisdiction. Nevertheless, the Court, just because people leave, the Court doesn't think that that's a reason why Defendants should get a chance to get their cases dismissed 'cause they don't live here anymore since the offense occurred when it was here and everybody else that still stays here, they wouldn't have to have their trial set firm.

Granted, the Court does understand that he did have to fly back particularly, he's in the military, but nevertheless, when it comes to other Defendants that live here, they're working as well, they -- you know, it was his choice -- well, I don't know if it was his choice. He's in the military so it's not necessarily his choice, but he did leave the jurisdiction, so, nevertheless, this occurred here.

So for those reasons as well as the procedural history of the case -- the Court's going to note that [the State's witness], it's my understanding he is on injured leave. He would, according to counsel, be, be back by next week, so the Court is going to dismiss this case without prejudice.

McGlothin contends that the District Court's findings supporting dismissal without prejudice were inadequate, because there was no finding as to the "administration of justice" factor set out in State v. Estencion, 63 Haw. 264, 269, 625 P.2d 1040, 1044 (1981). He also argues that the District Court's finding that "the State is somehow entitled to more than one trial setting" because of McGlothin's "absence from the jurisdiction" was an abuse of discretion.

When a trial court dismisses a criminal case for violation of Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 48, its decision to dismiss with or without prejudice is reviewed for abuse of discretion. State v. Fukuoka, 141 Hawaiʻi 48, 55, 404 P.3d 314, 321 (2017).

> In determining whether to dismiss the case with or without prejudice, "the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and the circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of [HRPP Rule 48] and on the administration of justice."

4

Id. at 55-56, 404 P.3d at 321-22 (quoting Estencion, 63 Haw. at 269, 625 P.2d at 1044). "Although not set forth as one of the three enumerated factors, 'prejudice to the defendant may be a relevant consideration in the trial court's decision to dismiss with or without prejudice' under HRPP Rule 48." Id. at 56, 404 P.3d at 322 (quoting State v. Coyaso, 73 Haw. 352, 357, 833 P.2d 66, 69 (1992)). "[T]he trial court may consider other factors it finds to be relevant to the case before it[.]" Id. (quoting Coyaso, 73 Haw. at 357, 833 P.2d at 69).

> In analyzing whether to dismiss a case with or without prejudice under HRPP Rule 48 and Estencion, the trial court must "clearly articulate the effect of the Estencion factors and any other factor it considered in rendering its decision." State v. Hern, 133 Hawai‘i 59, 64, 323 P.3d 1241, 1246 (App. 2013). Accordingly, the court must explain the effect of the Estencion factors on its reasoning to dismiss a charge with or without prejudice. Id. The court is not required, however, to make a determination as to whether each individual factor weighs in favor of dismissal with or without prejudice.
>
> The trial court must therefore provide an "explanation of its consideration of the Estencion factors," and any other factors it considered, "and the basis for its decision." See id. at 65, 323 P.3d at 1247.

Fukuoka, 141 Hawai‘i at 56, 404 P.3d at 322 (footnotes and brackets omitted).

Here, the District Court's oral findings show that it considered each of the Estencion factors and explained the effect of the factors on its reasoning to dismiss the charges without prejudice. It is true that the District Court did not expressly label its consideration of the impact of reprosecution on "the administration of justice" as such. But the court clearly evaluated that factor in substance, and sufficiently explained its effect on the court's decision. In particular, the court considered the possibility that the case might still be tried before the HRPP Rule 48 deadline. The court also considered the prejudice to McGlothin of having to fly back to Hawai‘i for trial, but concluded that his having left the jurisdiction did not justify dismissal with prejudice where the alleged offenses occurred here. See id. at 64, 404 P.3d at 330 (prejudice caused to a defendant by a trial delay may be considered in determining the impact of reprosecution on the administration of justice).

On this record, we cannot conclude that the District Court abused its discretion in reaching this conclusion or in weighing the relevant factors in deciding to dismiss the case without prejudice.

(2) As set forth above, when the parties appeared for trial, and the State was not ready to proceed, McGlothin expressly agreed to the District Court's contacting the judge who had set the trial date to determine "what [the judge] meant on firm." When the District Court later reported that Judge Domingo "did say he set it firm and that if the State wasn't ready, that the Court would dismiss the case[,]" defense counsel simply responded, "Thank you, Your Honor." It was only after the court announced its ruling to dismiss the case without prejudice that defense counsel objected "to all this off-the-record banter between the judges to determine what the ruling should be."

Under these circumstances, where McGlothin expressly consented to the District Court communicating with the two identified judges for the indicated purpose, we conclude that McGlothin waived any objection to such communications.

Therefore, IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on May 30, 2018, in the District Court of the First Circuit, Honolulu Division, is affirmed.

DATED: Honolulu, Hawaiʻi, June 29, 2020.


On the briefs:

Richard L. Holcomb
(Holcomb Law, LLLC)
for Defendant-Appellant.

Donn Fudo,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge