**FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000857
19-JUL-2021
09:38 AM
Dkt. 48 OP**

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

---oOo---

STATE OF HAWAIʻI, Plaintiff-Appellant, v.
ROBERT MAN, also known as
Robert Alop, Defendant-Appellee

NO. CAAP-19-0000857

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
WAHIAWĀ DIVISION
(CASE NO. 1DTA-19-01445)

JULY 19, 2021

LEONARD, PRESIDING JUDGE, AND HIRAOKA AND WADSWORTH, JJ.

OPINION OF THE COURT BY WADSWORTH, J.

On June 2, 2018, Defendant-Appellee Robert Man, also known as Robert Alop (**Man**), was issued a citation for the offenses of Accidents Involving Damage to Vehicle or Property, in violation of Hawaii Revised Statutes (**HRS**) § 291C-13 (Supp. 2017),[1] and No Motor Vehicle Insurance, in violation of HRS § 431:10C-104 (2005) (**Citation**). Several days later, Plaintiff-

---

[1]     HRS § 291C-13 provides:

> **Accidents involving damage to vehicle or property.**
> The driver of any vehicle involved in an accident resulting only in damage to a vehicle or other property that is driven or attended by any person shall immediately stop such vehicle at the scene of the accident or as close thereto as possible, but shall forthwith return to, and in every event shall remain at, the scene of the accident until the driver has fulfilled the requirements of section 291C-14. Every such stop shall be made without obstructing traffic more than is necessary. For any violation under this section, a surcharge of up to $100 may be imposed, in addition to other penalties, which shall be deposited into the trauma system special fund.

Appellant State of Hawaiʻi (**State**) filed the Citation in the District Court of the First Circuit, Wahiawa Division (**District Court**), initiating a citation proceeding (**Citation Proceeding**). Over the next twelve weeks, both charges identified in the Citation were dismissed on the State's motion, prior to any in-court oral recitation of the charges.  The charge of Accidents Involving Damage to Vehicle or Property was dismissed without prejudice.

On May 6, 2019, Man was charged by complaint with Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**), in violation of HRS § 291E-61(a)(1) (Supp. 2017),[2] and Accidents Involving Damage to Vehicle or Property, in connection with the same incident that had led to the Citation.  Trial was set for September 26, 2019.  Before trial began, Man filed a motion to dismiss the case on the ground that trial had not commenced within six months of "the filing of the charge" — which Man asserted was the issuance of the Citation — in violation of Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 48[3] (**Motion to Dismiss**).  The District Court granted the motion and dismissed the case with prejudice.

The State appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment (**Judgment**), filed on November 21,

---

[2]     HRS § 291E-61(a)(1) provides, in relevant part:

> (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:
>
> > (1)     While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

[3]     HRPP Rule 48 provides, in relevant part:

> (b) . . . Except in the case of traffic offenses that are not punishable by imprisonment, the court shall, on motion of the defendant, dismiss the charge, with or without prejudice in its discretion, if trial is not commenced within 6 months:
>
> > (1) from the date of arrest if bail is set or from the filing of the charge, whichever is sooner, on any offense based on the same conduct or arising from the same criminal episode for which the arrest or charge was made[.]

2019, in the District Court.[4/]  The State contends that the District Court:  (1) erred in granting Man's Motion to Dismiss, because HRPP Rule 48 was not violated; and (2) abused its discretion in dismissing the case with prejudice.

We hold that the filing of the Citation in the District Court constituted "the filing of the charge" for purposes of starting the HRPP Rule 48 clock.  Because trial did not commence within 180-days of the filing of the Citation,[5/] as properly computed under HRPP Rule 48, the District Court did not err in granting the Motion to Dismiss.  We also conclude that the District Court did not abuse its discretion in dismissing the two pending charges – OVUII and Accidents Involving Damage to Vehicle or Property – with prejudice.  Accordingly, we affirm the Judgment.

## I.  Procedural Background

### A.  Citation No. 1DTC-18-064625

On June 2, 2018, Man was issued Citation No. 1DTC-18-064625, identified above as the Citation, in lieu of arrest for the offenses of Accidents Involving Damage to Vehicle or Property (**Citation Count 1**) and No Motor Vehicle Insurance (**Citation Count 2**).  The Citation stemmed from an incident in which Man, as the purported driver of a vehicle involved in an accident that resulted in damage to another vehicle or other property, allegedly left the scene of the accident.  The Citation, which was signed by the complaining officer, included a "complaint" that identified the "law(s) violated & traffic crimes committed" and a "summons" that instructed Man to appear before the District Court on July 5, 2018 "to answer the charge(s)."

On June 7, 2018, the State filed the Citation in the District Court, initiating proceeding No. 1DTC-18-064625, identified above as the Citation Proceeding.

___

[4/]    The Honorable Summer Kupau-Odo presided.

[5/]    "The six-month period under HRPP Rule 48 is equivalent to 180 days."  State v. Alkire, 148 Hawaiʻi 73, 86, 468 P.3d 87, 100 (2020) (quoting State v. Hernane, 145 Hawaiʻi 444, 450, 454 P.3d 385, 391 (2019)).

At Man's arraignment and plea hearing on July 5, 2018, Man was not present and was represented by counsel. The State orally moved to continue the hearing "for further investigation as to [Citation] Count 1." The District Court granted the State's oral motion to continue and set Man's arraignment and plea as to Citation Count 1 for August 30, 2018. The State orally moved for nolle prosequi (voluntary dismissal) of Citation Count 2, for "[v]alid proof of insurance shown." The District Court granted the State's oral motion and dismissed Citation Count 2.

At Man's continued arraignment and plea hearing on August 30, 2018, Man was not present and was represented by counsel. The State orally moved for nolle prosequi of Citation Count 1. The District Court granted the State's oral motion and dismissed Citation Count 1 without prejudice, as reflected in the August 30, 2018 Notice of Entry of Judgment and/or Order and Plea/Judgment, entered in the Citation Proceeding.

**B.  Case No. 1DTA-19-01445**

On May 6, 2019, Man was charged by complaint with OVUII and Accidents Involving Damage to Vehicle or Property (**Complaint**), in connection with the incident that occurred on June 2, 2018. On July 29, 2019, Man was served with a copy of the Complaint and a Penal Summons, which set Man's court date for August 15, 2019.

At Man's August 15, 2019 arraignment and plea hearing, Man's counsel waived reading of the charges, entered a not guilty plea on behalf of Man, and requested that the matter be set for trial "in normal course on a Thursday." The District Court set trial for September 26, 2019.

On September 26, 2019, defense counsel stated that the defense was attempting to locate a video related to the June 2, 2018 incident and would be filing a motion to compel. Defense counsel also stated that the defense believed there was an HRPP Rule 48 violation in the case and requested a continuance for an opportunity to brief the issue and file the motion to compel. The State objected to the continuance, indicating that it was

4

ready to proceed to trial.  The District Court granted the defense's request for a continuance and set the matter for status or hearing on the defense's motions on November 14, 2019.

On October 15, 2019, Man filed the Motion to Dismiss. Man argued that 90 days – from June 2, 2018, when the Citation was issued, to August 30, 2018, when Citation Count 1 was dismissed – were chargeable to the State for Rule 48 purposes.[6] Man further argued that an additional 143 days – from May 6, 2019, when the Complaint was filed, to September 26, 2019, when trial was set to begin – were also chargeable to the State for Rule 48 purposes.  Thus, Man contended, 233 days elapsed prior to trial, in violation of HRPP Rule 48's 180-day limit.

On October 18, 2019, the State filed its memorandum in opposition to the Motion to Dismiss.  The State stipulated to the timeline of events set out by Man, but maintained that HRPP Rule 48 had not been violated.  Specifically, the State argued that: (1) the issuance of the Citation did not constitute "the filing of the charge," HRPP Rule 48(b)(1), for purposes of starting the Rule 48 clock; (2) "the filing of the charge was not perfected unless and until the defendant both received a citation <u>and</u> there was an in[-]court 'oral recitation of the essential facts constituting the offense charged[,]" HRPP Rule 7(a) (quoted <u>infra</u>); and (3) because no in-court oral recitation occurred in the Citation Proceeding, the HRPP Rule 48 clock did not start running until May 6, 2019, when the Complaint and Penal Summons were filed.

At the hearing of the Motion to Dismiss on November 21, 2019,[7] the District Court took judicial notice of the records in the Citation Proceeding.  The District Court noted that the Citation had been filed on June 7, 2018.  The court also observed that the language of the Citation stated, among other things, that it:  (1) was a "complaint"; (2) "charges you with committing one or more traffic crimes"; and (3) "summons you to appear

---

[6]    The period from June 2, 2018, to August 30, 2018, is actually 89 days.  <u>See</u> HRPP Rule 45.

[7]    The November 14, 2019 hearing was continued to November 21, 2019.

before the District Court . . . to answer to the charge(s) on the date and at the time and location designated in the Summons on the front of this Citation." The District Court concluded that the "[C]itation [was] the charge . . . given to the defendant," and "the filing of the charge occurred on June 2nd, 2018, when Mr. Man was issued this [C]itation and summoned to appear in court[,]" thus triggering the HRPP Rule 48 clock. The District Court adopted Man's argument that 233 days had elapsed for purposes of HRPP Rule 48, and found that both charges in the Complaint were based on the same conduct or arose from the same episode. The District Court therefore granted the Motion to Dismiss. The court further decided to dismiss the charges with prejudice after considering and stating the effect of the factors identified in State v. Estencion, 63 Haw. 264, 625 P.2d 1040 (1981).

On November 21, 2019, the District Court entered the Judgment, dismissing the charges with prejudice.

## II.  Discussion

### A.   Dismissal for Violation of HRPP Rule 48

The parties do not dispute the District Court's conclusion that the 143-day period from May 6, 2019, when the Complaint was filed, to September 26, 2019, when trial was set to begin, was chargeable to the State for HRPP Rule 48 purposes. The issue on appeal is whether the District Court erred in concluding that the 89-day period (see supra note 6) from June 2, 2018, when the Citation was issued, to August 30, 2018, when Citation Count 1 was dismissed, was chargeable to the State for HRPP Rule 48 purposes.

"HRPP [Rule] 48 is intended not only 'to ensure speedy trial for criminal defendants,' . . . but also 'to relieve congestion in the trial court, to promptly process all cases reaching the courts[,] and to advance the efficiency of the criminal justice process.'" State v. Choy Foo, 142 Hawai'i 65, 72, 414 P.3d 117, 124 (2018) (alterations in original) (quoting State v. Hoey, 77 Hawai'i 17, 29, 881 P.2d 504, 516 (1994)); see also Hernane, 145 Hawai'i at 450, 454 P.3d at 391 ("Speedy trial

6

rules are intended to prevent unreasonable delay in the determination of criminal actions that subvert the public good and disgrace the administration of justice." (internal quotation marks and brackets omitted)). To accomplish this end, HRPP Rule 48(b) requires the trial court, on motion of the defendant, "to dismiss the charge . . . 'if trial is not commenced within 6 months[,]'" *i.e.*, 180 days (see supra note 5), "of a relevant triggering date." Choy Foo, 142 Hawaiʻi at 72, 414 P.3d at 124.

Here, trial was required to commence within six months "from the filing of the charge." HRPP Rule 48(b)(1). Because HRPP Rule 48 is a rule promulgated by the supreme court, principles of statutory construction apply in determining the meaning of this phrase. See Choy Foo, 142 Hawaiʻi at 72, 414 P.3d at 124 (citing Gap v. Puna Geothermal Venture, 106 Hawaiʻi 325, 331, 104 P.3d 912, 918 (2004)); State v. Carlton, 146 Hawaiʻi 16, 22, 455 P.3d 356, 362 (2019) (quoting State v. Lau, 78 Hawaiʻi 54, 58, 890 P.2d 291, 295 (1995)). Under these well-settled principles:

> We first examine the language of the statute itself. If the language is plain and unambiguous, we must give effect to its plain and obvious meaning. Also, implicit in statutory construction is our foremost obligation to ascertain and give effect to the intention of the legislature, which is obtained primarily from the language of the statute itself. Finally, when there is doubt, doubleness of meaning, or indistinctiveness or uncertainty of an expression used in a statute, an ambiguity exists. When there is ambiguity, the meaning of ambiguous words may be sought by examining the context or resorting to extrinsic aids to determine legislative intent.

Carlton, 146 Hawaiʻi at 22, 455 P.3d at 362 (citations omitted).

In examining the language of HRPP Rule 48, we note that the rule does not define or further describe "the filing of the charge."

> To effectuate a statute's plain language, its words "must 'be taken in their ordinary and familiar signification, and regard is to be had to their general and popular use.'" See State v. Guyton, 135 Hawaiʻi 372, 378, 351 P.3d 1138, 1144 (2015) (quoting In re Taxes of Johnson, 44 Haw. 519, 530, 356 P.2d 1028, 1034 (1960)); see also HRS § 1-14 (2009). "In conducting a plain meaning analysis, 'this court may resort to legal or other well accepted dictionaries as one way to determine the ordinary meaning of certain terms not statutorily defined.'" Guyton, 135 Hawaiʻi at 378, 351 P.3d at 1144 (quoting State v. Pali, 129 Hawaiʻi 363, 370, 300 P.3d 1022, 1029 (2013)).

Wells Fargo Bank, N.A. v. Omiya, 142 Hawaiʻi 439, 449–50, 420 P.3d 370, 380–81 (2018).

Black's Law Dictionary defines "charge" as "[a] formal accusation of an offense as a preliminary step to prosecution[.]" Black's Law Dictionary (11th ed. 2019). In addition, the supreme court has stated that the plain meaning of "file" or "filed," as used in HRPP Rule 48(a), "indicates the submission of a written document." State v. Visitin, 143 Hawaiʻi 143, 152, 426 P.3d 367, 376 (2018) (citing Hawaiʻi Rules of Electronic Filing (**HREF**) Rules 1.1, 1.4 (2010) (defining "conventionally file" and "electronic filing" to mean "the submission of paper documents and physical exhibits to the clerk for filing in the court record" and "the submission of documents by authorized [Judiciary Electronic Filing Service and System] Users for docketing and storage in [the Judiciary Information Management System]," respectively); HRPP Rule 2.3 (2012) (cross-referencing the HREF for definitions)). Based on these definitions, "the filing of the charge" can be construed to mean the submission to the court clerk of a written document containing a formal accusation of an offense as a preliminary step to prosecution.

To the extent there is ambiguity in the phrase "the filing of the charge," the State urges us to examine HRPP Rule 48(b) in the context of HRPP Rule 7(a), which according to the State, "spells out [what] constitutes the charge against a defendant[.]" We may do so under the canon of construction that "statutes that are in pari materia may be construed together." Omiya, 142 Hawaiʻi at 450, 420 P.3d at 381 (quoting State v. Kamanaʻo, 118 Hawaiʻi 210, 218, 188 P.3d 724, 732 (2008)); see id. ("[L]aws in pari materia, or upon the same subject matter, shall be construed with reference to each other. What is clear in one statute may be called upon in aid to explain what is doubtful in another." (quoting Kamanaʻo, 118 Hawaiʻi at 218, 188 P.3d at 732)); see also HRS § 1-16 (2009).

HRPP Rule 7(a) provides:

> (a) *Use of indictment, information, or complaint.* The charge against a defendant is an indictment, a superseding indictment, an information, or a complaint filed in court, provided that, in any case where a defendant is accused of

> an offense that is subject to a maximum sentence of less than 6 months in prison (other than Operating a Vehicle Under the Influence of an Intoxicant) and is issued a citation in lieu of physical arrest pursuant to Section 803-6(b) of the [HRS] and summoned to appear in court, <u>the citation and an oral recitation of the essential facts constituting the offense charged</u> as set forth in Rule 5(b)(1), <u>shall be deemed the complaint</u>, notwithstanding any waiver of the recitation. The prosecutor's signature upon the citation shall not be required.

(Emphases added.)

In turn, HRPP Rule 5(b)(1) provides, in relevant part:

> *Offenses other than felony.*
> (1) ARRAIGNMENT. In the district court, if the offense charged against the defendant is other than a felony, the complaint shall be filed and proceedings shall be had in accordance with this section (b). . . . If a defendant is issued a citation in lieu of physical arrest pursuant to Section 803–6(b) of the [HRS] and summoned to be orally charged as authorized by Rule 7(a) of these rules, a copy of the citation shall be filed and proceedings shall be had in accordance with this section (b). . . . When the offense is charged by a citation and the defendant is summoned to be orally charged, arraignment shall be in open court or by video conference when permitted by Rule 43. The arraignment shall consist of a recitation of the essential facts constituting the offense charged to the defendant and calling upon the defendant to plead thereto. The defendant may waive the reading of the complaint or the recitation of the essential facts constituting the offense charged at arraignment, provided that, in any case where a defendant is summoned to be orally charged by a citation as authorized by Rule 7(a), the recitation of the essential facts constituting the offense charged shall be made prior to the commencement of trial or entry of a guilty or no contest plea.

The State asserts that Man was subject to the charging procedure outlined in HRPP Rule 7(a).[8] Therefore, the State argues, "'the filing of the charge' was not perfected unless [Man] both received the citation and there was an in[-]court 'oral recitation of the essential facts constituting the offense charged[.]' HRPP Rule 7(a)." The State continues:

> Here, although [Man] was issued a citation in Citation No. 1DTC-18-064625, there was never an oral recitation of the essential facts constituting the offense charged before the State moved to nolle prosequi the count on August 30, 2018. Consequently, [Man] was not charged with the violation of HRS Section 291C-13 until the filing of the Complaint and Penal Summons in Case No. 1DTA-19-01445 on May 6, 2019.

---

[8] This assertion, which Man does not dispute, is correct. Man was issued the Citation in lieu of arrest for a violation of HRS § 291C-13. Under HRS § 291C-161(b), a violation of HRS § 291C-13, as a first offense, carries a maximum penalty of a $200 fine and up to ten days of imprisonment.

Man, on the other hand, contends that the Citation that initiated the Citation Proceeding was "[the] charge for HRPP [R]ule 48 purposes, because the citation [was] labeled the complaint[.]" Man further argues:

> All HRPP [R]ule 7[(a)] does is provide that if there is an oral charge, the oral charge plus the citation becomes a superseding charge. If there is no warrant the citation remains the case[;] [R]ule 7[(a)] does not limit the definition of the charge in all situations, only in the situation where there is no amendment.
>
> Otherwise, the state could avoid the consequences of HRPP [R]ule 48(b)(1) by repeatedly citing someone [and] preventing him from being orally charged and therefore dismissing the citations before arraignment. This would create an unfair and absurd situation which the drafter could never [have] intended.

In examining HRPP Rule 7(a), we recognize that it describes the "charge" against a defendant as "an indictment, a superseding indictment, an information, or a complaint filed in court," all of which must ordinarily be signed by the prosecutor. See HRPP Rule 7(d); State v. Knoeppel, 71 Haw. 168, 171, 785 P.2d 1322, 1332 (1990) (ruling that "the plain and unambiguous language" of then-Rule 7(d) mandated that a criminal complaint be signed by the prosecutor). Rule 7(a)'s description of the "charge," however, is subject to the proviso that in applicable circumstances, "the citation and an oral recitation of the essential facts constituting the offense charged as set forth in Rule 5(b)(1), shall be deemed the complaint." HRPP Rule 7(a) (emphases added). In such circumstances, the prosecutor's signature on the citation is not required. Id. HRPP Rule 7(a) thus serves the purpose of the charging process, which is to "sufficiently apprise the defendant of what he or she must be prepared to meet." State v. Sprattling, 99 Hawai'i 312, 317-18, 55 P.3d 276, 281-82 (2002) (internal quotation marks and brackets omitted) (quoting State v. Merino, 81 Hawai'i 198, 212, 915 P.2d 672, 686 (1996)); see State v. Mita, 124 Hawai'i 385, 390, 245 P.3d 458, 463 (2010).

In Mita, the supreme court ruled that a citation and oral charge, when considered together pursuant to HRPP Rule 7(a), were sufficient under the circumstances to give the defendant fair notice of the charged offense. 124 Hawai'i at 386, 393, 245

10

P.3d at 459, 466. There, the defendant was charged with Animal Nuisance in violation of Revised Ordinances of Honolulu (**ROH**) § 7-2.3 (1990 & Supp. No. 6, 2-05). Id. at 385, 245 P.3d at 458. The defendant was originally issued a citation indicating that she committed the offense by owning, harboring, or keeping two dogs that were barking, and prior to the start of trial, the State also orally charged her by using language that tracked the provisions of ROH § 7-2.3. Id. at 385-86, 245 P.3d at 458-59. The court concluded that "the charge against [the defendant], comprised of both the citation and oral charge, provided her with fair notice of the offense of animal nuisance." Id. at 393, 245 P.3d at 466.

Thus, the citation in Mita was considered to be part of the charge against the defendant pursuant to HRPP Rule 7(a). This reading of HRPP Rule 7(a) is consistent with the plain language of HRPP Rule 5(b), which sets out the procedure for arraignment "[w]hen the offense is charged by a citation and the defendant is summoned to be orally charged[.]" (Emphasis added.) To further the purpose of the charging process in such circumstances, *i.e.*, to provide the accused with fair notice of the essential elements of the cited offense, HRPP Rule 5(b) requires that the arraignment include "a recitation of the essential facts constituting the offense charged to the defendant[.]" That an oral charge is required, however, does not strip a citation that contains features of a charging instrument of those features. Otherwise, a defendant who waived the oral recitation would not be considered charged. Cf. HRPP Rule 7(a) ("the citation and an oral recitation of the essential facts constituting the offense charged . . . shall be deemed the complaint, notwithstanding any waiver of the recitation").

In State v. Ayres, we recently recognized that citations similar to the one at issue here "contained features of a charging instrument, probable cause affidavit, and a police report." No. CAAP-16-0000885, 2021 WL 1626628, at *4 (Haw. App. Apr. 27, 2021) (SDO). Like the citations in Ayres, the Citation here is entitled "Complaint," and includes the citing officer's sworn statement of the "Defendant['s]" identifying information,

11

"Vehicle Information," "Law(s) Violated & Traffic Crimes Committed," "Details Regarding The Offense(s) Charged," both the complaining officer's and the "Defendant's" signatures, and a "Summons" stating the District Court's location, and the date and time for the "Defendant's" court appearance. See id. The Citation also includes the following language:

> This Citation for the Traffic Crime(s) Arrest (Citation) charges you with committing one or more traffic crimes . . . . This Citation summons you to appear before the District Court of the First Circuit to answer to the charge(s) on the date and at the time and location designated in the Summons on the front of this Citation. Failure to appear in court as summoned may result in your arrest for other offenses and/or imposition of additional penalties, including fines, court costs, fees, and imprisonment.
>
> . . . .
>
> . . . If you are not present in the courtroom when your case is called, a bench warrant for your arrest (for contempt of court, failure to appear, or other charges) may be issued . . . .

(Emphases added.)

In addition, on June 7, 2018, the State filed the Citation in the District Court, initiating the Citation Proceeding. During the course of that proceeding, the State initially moved for nolle prosequi of Citation Count 2, which the District Court dismissed. If "Count 2" was not a charge, it is unclear what was dismissed. Eventually, the State moved for nolle prosequi of Citation Count 1, which the District Court dismissed "without prejudice." Thus, both Citation Counts 1 and 2 appear to have been treated by the State and the District Court as charges.

On this record, we conclude that the filing of the Citation in the District Court on June 7, 2018, constituted the filing of the charge for purposes of starting the HRPP Rule 48 clock. Based on the plain meaning of the phrase "the filing of the charge," the filing of the Citation under these circumstances constituted the submission to the court clerk of a written document containing a formal accusation of an offense as a preliminary step to prosecution. Our reading of the disputed phrase is also consistent with HRPP Rule 7(a), as construed by

the supreme court in <u>Mita</u>, which considered the charge in that case to include the citation that was issued to the defendant.

The State argues that the filing of the charge is not "perfected" under HRPP Rule 7(a) without an oral recitation of the essential facts constituting the offense charged. However, HRPP Rule 48(b) does not require that the charge be "perfected"; it merely requires that the charge be filed. Here, the Citation, which identified two offenses charged against Man, was a written document filed in the District Court. In contrast, an "oral recitation" is not "filed" within the ordinary meaning of that term for purposes of HRPP Rule 48. <u>See</u> <u>Visitin</u>, 143 Hawaiʻi at 152, 426 P.3d at 376. Based on the plain language of HRPP Rule 48(b), the Rule 48 clock began to run when the Citation was filed, even though there was no later, in-court oral recitation of the charges.

Our reading of the disputed phrase also furthers the policy interests that Rule 48 seeks to effectuate. These interests include, among others, "reliev[ing] congestion in the trial court," "advanc[ing] the efficiency of the criminal justice process, "minimiz[ing] anxiety and concern of the accused[,]" and "limit[ing] the possibility that the defense will be impaired." <u>Alkire</u>, 148 Hawaiʻi at 87, 468 P.3d at 101 (quoting <u>State v. Fukuoka</u>, 141 Hawaiʻi 48, 62-63, 404 P.3d 314, 328-29 (2017); <u>State v. Lau</u>, 78 Hawaiʻi 54, 64, 890 P.2d 291, 301 (1995)).

Accordingly, the 84-day period from June 7, 2018, when the Citation was filed, to August 30, 2018, when Citation Count 1 was dismissed, was chargeable to the State for HRPP Rule 48 purposes. The 143-day period from May 6, 2019, to September 26, 2019, was also chargeable to the State for HRPP Rule 48 purposes. Thus, 227 days elapsed prior to the trial date, in violation of HRPP Rule 48's 180-day limit, and the District Court did not err in granting the Motion to Dismiss.[9]

---

[9] However, the District Court did err in calculating the total elapsed time as 233 days.

13

## B.    Dismissal With Prejudice

The State contends that the District Court abused its discretion in dismissing the charges against Man with prejudice rather than without prejudice.  More specifically, the State argues that the District Court misapplied the second and third Estencion factors, and that when properly evaluated, all three Estencion factors weigh in favor of dismissal without prejudice.

HRPP Rule 48(b) provides, in relevant part:

> (b) *By Court*.  Except in the case of traffic offenses that are not punishable by imprisonment, the court shall, on motion of the defendant, dismiss the charge, with or without prejudice in its discretion, if trial is not commenced within six months[.]

When a trial court dismisses a criminal case for violation of HRPP Rule 48, its decision to dismiss with or without prejudice is reviewed for abuse of discretion.  Fukuoka, 141 Hawaiʻi at 55, 404 P.3d at 321.

> In determining whether to dismiss the case with or without prejudice, "the court shall consider, among others, each of the following factors:  the seriousness of the offense; the facts and the circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of [HRPP Rule 48] and on the administration of justice."

Id. at 55-56, 404 P.3d at 321-22 (quoting Estencion, 63 Haw. at 269, 625 P.2d at 1044).  "Although not set forth as one of the three enumerated factors, 'prejudice to the defendant may be a relevant consideration in the trial court's decision to dismiss with or without prejudice' under HRPP Rule 48."  Id. at 56, 404 P.3d at 322 (quoting State v. Coyaso, 73 Haw. 352, 357, 833 P.2d 66, 69 (1992)).  "[T]he trial court may consider other factors it finds to be relevant to the case before it[.]"  Id. (quoting Coyaso, 73 Haw. at 357, 833 P.2d at 69).

Here, the District Court dismissed the charges of OVUII and Accidents Involving Damage to Vehicle or Property for violation of Rule 48.  The court made the following oral findings in dismissing these charges with prejudice:

> So in weighing the Estencion factors, I agree with the State.  I mean, both of these charges, and then indeed coupled, they're serious, okay, and the first factor weighs in the State's favor.

14

> Second factor and third factors I'm finding weigh in [Man's] favor, because no reason has been given for the delay in recharging Mr. Man.  So, again, it's about -- looks like a period of eight months from when the State . . . requested the Court dismiss, nolle prosequi, and even after three months of the case being on the court docket and the Court allowing the State more time to further investigate.
>
> So, again, looking at the administration of justice and the policies behind [HRPP] Rule 48, which includes efficiently managing and resolving cases, the dismissal will be with prejudice.

(Underscoring added.)

The District Court's oral findings show that it considered each of the Estencion factors and explained the effect of the factors on the court's reasoning to dismiss the charges with prejudice.  See Fukuoka, 141 Hawaiʻi at 56, 404 P.3d at 322.  In particular, the court considered the State's unexplained eight-month delay in filing the Complaint in the present case after the remaining count in the Citation Proceeding was dismissed on the State's motion.  This followed a nearly three-month delay in the Citation Proceeding while the State further investigated the remaining count.  The court expressly tied these actions to the administration of justice and the policy interests in efficiently managing and resolving cases.  On this record, we cannot conclude that the District Court abused its discretion in weighing the relevant factors in deciding to dismiss the case with prejudice.

### III. Conclusion

For the reasons discussed above, we affirm the Notice of Entry of Judgment and/or Order and Plea/Judgment, filed on November 21, 2019, in the District Court of the First Circuit, Wahiawā Division.

On the briefs:

Stephen K. Tsushima,                    /s/ Katherine G. Leonard
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellant                 /s/ Keith K. Hiraoka

R. Patrick McPherson
for Defendant-Appellee                  /s/ Clyde J. Wadsworth

15